BARNES and another vs. THE CITY OF BELOIT and others.

Two or more lot owners in a city cannot unite in an action to restrain the sale of lots owned by them severally for taxes illegally assessed, or to prevent the execution of deeds for such lots upon such sale; but each must bring his several suit.

Under secs. 29, 30, ch. 125, R. S., the complaint in such an action is liable to demurrer on the ground that it improperly unites several causes of action. Subd. 5, sec. 5, ch. 125, R. S.

APPEAL from the Circuit Court for *Rock* County.

The plaintiffs brought this action "in their individual capacity and as tax payers, as well in their own behalf as on behalf of all other corporators and tax payers " of the city of Beloit in said county, who might be affected by the subject matter of the action, to restrain the sale of certain lots in said city by the treasurer thereof, for the amount of certain assessments alleged to have been illegally made against such lots, and also to restrain the execution of deeds for the lots, and to have the assessment and tax declared void.      The city and its treasurer and clerk were made defendants.      It appeared from the complaint that the several lots therein mentioned were owned by the plaintiffs in severalty.      Demurrer to the complaint on the ground that several causes of action were improperly joined, the plaintiffs having no joint or common interest in any one of them; and also on the ground that it did not state facts sufficient, &c.      From an order overruling the demurrer the defendants appealed.

*R. H. Mills*, for appellants, cited *Bouton v. City of Brooklyn*, 15 Barb., 375; *Lexington & Big Sandy R. R. Co. v. Goodman*, 15 How., Pr. R., 85.      If the plaintiffs, not having so averred in the complaint, were now entitled to urge that the object of the action is to avoid a multiplicity of suits, the reply would be, that courts will interfere upon this ground, if at all, only after one or more actions have been prosecuted successfully to judgment, and the claim fully established.      2 Story's Eq., secs. 362, 850; *Trustees of Huntingdon v. Nicoll*, 3 Johns.,

566; *Eldridge v. Hill*, 2 Johns. Ch., 281; *West v. Mayor of N. Y.*, 10 Paige, 539; *Oakley v. Mayor &c.*, cited, id., 540.

*Bennett, Cassoday & Gibbs*, for respondents, argued that the alleged misjoinder was rather of parties plaintiff than of causes of action, while there was no demurrer for misjoinder of parties; and that the statute does not authorize a demurrer to a complaint on the ground that it improperly unites different causes of action, except where the causes of action so united are of different characters or classes—citing secs. 29, 30, ch. 125, R. S.; ch. 91, Laws of 1859; *Robinson v. Judd*, 9 How. Pr. R., 380; *Gooding v. McAlister*, id., 123; *Peckham v. Smith*, id., 436; *Harsen v. Bayaud*, 5 Duer, 656; *Cook v. Chase*, 3 id., 643; *Dorman v. Kellam*, 14 How. Pr. R., 184; *Moore v. Smith*, 10 id., 361; *Woodbury v. Sackrider*, 2 Abb., 402; *Badger v. Benedict*, 4 id., 176. 2. The question in this action is one of a common or general interest of all the plaintiffs, and the action is in the proper form. Secs. 18, 20, 22, ch. 122, R. S.; *Shepard v. Wood*, 13 How., Pr. R., 47; *Roosvelt v. Varnum*, 12 id., 469; *Wood v. Draper*, 24 Barb., 191–99; *DeBaun v. Mayor &c.*, 16 id., 393–401; *Stuyvesant v. Pearsall*, 15 id., 244; *Christopher v. Mayor &c.*, 13 id., 567; *Adriance v. Mayor &c.*, 1 id., 19; *Milhau v. Sharp*, 15 id., 193; *Same Case*, 28 id., 228; *Ketchum v. City of Buffalo*, 4 Kern., 368; *Heywood v. City of Buffalo*, id., 541; *Bromley v. Smith*, 1 Simons, 8.

*By the Court*, DOWNER, J. The complaint does not state facts sufficient to authorize the plaintiffs to bring the suit on behalf of themselves as well as others. *Newcomb v. Horton, et al.*, 18 Wis., 566. If the proceedings set out in the complaint are valid, then there is a lien on each lot separately to the amount of the benefits assessed against it for widening Tight street; if they are not legal, then there may be an apparent cloud to the amount so assessed on each lot. Each plaintiff is interested only in removing this cloud from his own lots, not from the lots belonging respectively to his co-

plaintiffs.    Each and all may be interested in the question ; for if one has a right to the aid of a court of equity to remove the cloud or enjoin the assessment as illegal, for the same reasons and on the same evidence each of the others might obtain relief.    But there is no such common pecuniary interest as authorizes them to unite in one suit as plaintiffs to obtain the relief asked.    Each can sue alone, and the others are not necessary parties.    This is not an action respecting a common fund, nor to assert a common right, nor to restrain acts injurious to property in which all the plaintiffs have a common interest or a common right.    But the complaint in the action sets forth separate causes of action, one in favor of each plaintiff, without being separately stated ; and if so, several causes of action are improperly united.    The counsel for the respondents, however, maintains that different causes of action within the meaning of secs. 5, ch. 125, R. S., are improperly united only where there are in the same complaint causes of action of the different classes mentioned in sec. 29 of the same chapter ; as for instance where the complaint contains one count in tort and another on contract; and that where there are several causes of action, to-wit, one in favor of each of several plaintiffs, in the same complaint, and all of the same class, the remedy is not by demurrer, but by motion.    He cites several cases to this point, but they are all cases where several causes of action in favor of all the plaintiffs, *affecting all the parties*, and which *might be united* in the same complaint, were not separately stated.    But in this case each separate cause of action does not affect *all the* parties to the action, and they could not be united without violating the provisions of sec. 29 aforesaid.    In other words, the plaintiffs have no common pecuniary interest.    The complaint would have been held bad before the Code for multifariousness.

The order of the circuit is reversed, with costs.