## THE STATE vs. WACKER.

*April 23 — May 12, 1888.*

*Excise laws: Sales of liquor on Sunday: Nuisance.*

A sale of intoxicating liquor "in violation of law," within the meaning of sec. 1563, R. S., is a sale prohibited by the *excise law;* and sales made on Sunday by a licensed saloon-keeper, not being prohibited by that law, do not render the place in which they are made a public nuisance, which, upon the conviction of the keeper thereof, may be shut up and abated.

REPORTED from the Circuit Court for *La Crosse* County.

The case is stated in the opinion.

For the plaintiff there was a brief by the *Attorney General* and *L. K. Luse,* Assistant Attorney General, and oral argument by the *Attorney General.* They contended, *inter alia,* that a sale of liquors on Sunday is illegal and prohibited by sec. 1564, R. S. This court has already given its sanction to similar provisions of the law, and held that the offense was distinct and separate from the sale of liquors without license, and has directed judgment to be entered abating the nuisance. *State v. Gumber,* 37 Wis. 298; *Faust v. State,* 45 id. 273. A license to do business does not permit the person licensed to do that business in an improper manner, or shield him from the consequences of conducting such business in a manner to disturb the neighborhood, and if he does so conduct his business, he is indictable for maintaining it as a nuisance, the same as though it were not licensed. *State v. Buckley,* 5 Harr. 508; *State v. Mullikin,* 8 Blackf. 260; *U. S. v. Elder,* 4 Cranch, C. C. 507; Wood on Nuis. sec. 38; 2 Whart. Cr. Law, sec. 1449, note 4. Regardless of the provisions of sec. 1563, it has frequently been held that keeping a place of business where intoxicating liquors are habitually sold in violation of law will con-

stitute the place a public nuisance, and that the keeper may be indicted and the place abated. 1 Bish. Cr. Law, sec. 1113 *et seq;* 2 id. sec. 967; *State v. Williams,* 30 N. J. Law, 102; *Comm. v. Shea,* 14 Gray, 386; *Kroer v. People,* 78 Ill. 294; *State v. Waynick,* 45 Iowa, 516; *Smith v. Comm.* 6 B. Mon. 21; *Wilson v. Comm.* 12 id. 2; *Comm. v. Cogan,* 107 Mass. 212; *Comm. v. Mitchell,* 115 id. 141; *Comm. v. Kerrissey,* 141 id. 110.

For the defendant there was a brief by *J. W. Losey* and *C. L. Hood,* attorneys, and *G. M. Woodward,* of counsel, and oral argument by *Mr. Losey.*

COLE, C. J. The defendant was a keeper of a saloon at the city of La Crosse, and engaged in the business of selling intoxicating liquors at such saloon, having a license therefor. He was charged in an information, and was found guilty by a jury, of selling, at his saloon, intoxicating liquors on the several Sundays named, and also of usually keeping open his saloon on Sunday. The circuit court has reported the case, under the statute, for the decision of this court upon this question: " Does the selling of intoxicating liquor on Sunday at a licensed saloon by the keeper of it, make a saloon building a public nuisance within the meaning of section 1563 of the Revised Statutes or at common law, and authorize a judgment, on conviction of the keeper, directing the nuisance to be abated and the building closed?"

I am in some doubt as to what answer should be given the question, but my brethren are of the opinion that it should receive a negative answer, and I defer to their views. It is not seriously claimed on the part of the state that an information would now lie at common law for the sales of liquor on Sunday; for, as suggested by the defendant's counsel, the legislature has enacted laws on the subject of excise, prescribing penalties for all violations of the same, and this legislation supersedes the common law on the subject. Be-

sides the statute expressly declares that all punishments prescribed by the common law for any offense specified in the statutes of this state and the punishment whereof is prescribed therein, are prohibited. Sec. 4634, R. S. We have, then, but to consider the provisions of ch. 66, R. S., and the amendments thereto, so far as they have a bearing upon the question reported.

Sec. 1563 enacts that all places, of whatever description, in which intoxicating liquors are sold in violation of law, shall be held and are declared public nuisances, and shall, upon the conviction of the keeper thereof, be shut up and abated. Now, what is the meaning of this provision? It is said on the part of the state that the language is free from ambiguity; and, if we are governed in its construction by the ordinary meaning of the words used, we can arrive at no other conclusion than that it covers the case at bar and authorizes the trial court to direct that the saloon building be shut up and abated. But it is not always safe to follow the strict literal reading of a statute, because cases often arise which, though within the letter, are not within the intent and spirit, of the law. We are to carry out the intention of the legislature in enacting this provision. In *State v. Gumber*, 37 Wis. 298 (decided in 1875), it was held that the keeper of a saloon or place of public resort where intoxicating liquors were sold without first having a license therefor, came within this provision, which at the time was sec. 19, ch. 179, Laws of 1874. That decision was followed in *Faust v. State*, 45 Wis. 274. We have no doubt whatever that a person keeping a saloon or place of any other description where intoxicating liquors are sold without a license makes such saloon or building a public nuisance. That is undoubtedly a sale *in violation of law*, which it was one object — perhaps the main object — of the statute to prohibit and prevent. But, in the case before us, the defendant was a holder of a license. He had the right to sell intoxicating

liquors at his saloon six days in the week to proper parties. Was a sale, then, made by him on Sunday, such a violation of law as the legislature had in mind; being an act which would not only forfeit his license but render his place of business liable to be abated as a public nuisance? That is the precise question we have to solve.

A person obtaining a license has to give a bond, conditioned that he will, during the continuance of such license, keep and maintain an orderly and well-regulated house; will permit no gambling with cards, dice, or any device or implement for that purpose within his premises or any outhouse appertaining thereto; that he will not sell or give away any intoxicating liquor to any minor, having good reason to believe him to be such, unless upon the written order of the parent or guardian of such minor; will not sell to persons intoxicated or bordering upon intoxication, or to habitual drunkards; and will pay all damages, etc. Sec. 1549. A breach of the bond in any of the specified conditions, or a failure to observe and obey any order made pursuant to law by the supervisors, trustees, or aldermen of the town, village, or city, is made a ground for revoking the license, on notice to the holder thereof. Sec. 1558; *Common Council v. State ex rel. Perkins*, 59 Wis. 425. Now, it is a significant fact that a sale on Sunday is not a breach of the bond, nor is it made a ground for revoking the license. That is to say, the statute does not, in express language, make a sale of liquor on Sunday a cause for revoking the license. We are inclined to hold that sec. 1563 has an effect co-extensive with sec. 1558, and that an act which would be a breach of the bond, or would be a cause for revoking the license under the latter section, would be a violation of law within the meaning of the former section. So, if the licensee keeps a disorderly house, or permits gambling on his premises, or sells intoxicating liquor to a minor, having good reason to believe him to be such, or sells to a person intoxi-

cated, or to an habitual drunkard, that then his house or place of business becomes a public nuisance liable to be abated on the conviction of the owner of the offense under this provision. But the defendant is not charged with having violated the law in any of these particulars. True, there is a further clause in the bond by which the licensee binds himself to observe and obey the lawful orders of the supervisors or aldermen of the town or city granting the license; and a refusal to obey such order is made a ground for revoking the license. Now, whether the common council of the city of La Crosse adopted an ordinance prohibiting the sales of intoxicating liquors within the city limits on Sunday, does not appear, and we cannot presume such was the fact, in the absence of proof. The statute is penal in its character, and we would not be justified in presuming that a person has incurred its penalties without some evidence of the fact. This provision, making all places where unlawful sales of liquor are made a public nuisance, was first enacted, we believe, in 1872 (sec. 3, ch. 127, Laws of 1872), and has ever since constituted a part of the excise law. We have no doubt of the power of the legislature to enact such a provision, and subject persons and property to its penalties or forfeitures in a proper case. But the essential thing or fact to be shown under the law is that a sale of intoxicating liquors has been made in violation of law within the meaning of the section.

But sec. 1564 is relied on as showing that the sale in question, made by the defendant on Sunday, was in violation of law. The answer to this argument is, that in *Jensen v. State*, 60 Wis. 578, that section was construed as applying only to "tavern keepers" and persons of a similar class. The complaint in that case charged the defendant with selling intoxicating liquors on Sunday, and it was held that the complaint set forth no offense, because the section did not include all persons, but only a particular class. Mr.

The State vs. Wacker.

Justice TAYLOR, in the opinion, traces the origin and history of this provision. He shows that it was enacted in 1859, and that the evil to be suppressed or at least mitigated by the law was to prevent the drunkenness and disorder which generally resulted from the unrestricted sale of intoxicating liquors on election days and town-meeting days, and to secure peace, quiet, and good order on Sunday. It was an independent provision relating to these matters, and was not incorporated in the excise law until the Revision of 1878. It does not appear whether the defendant in that case had a license to sell liquors on a secular day or not, and that fact renders the decision of more decisive weight. here. But there is a general statute which prohibits any person from keeping open his shop or from doing any kind of business on Sunday, except works of necessity or charity. Sec. 4595. My doubt in this case grows out of the existence of that statute. I have had difficulty in reaching the conclusion that it did not apply to the case and make any sale of intoxicating liquors on Sunday a violation of law. But it is suggested that this general statute, which has been in force since the state was organized, and which is intended to apply generally to all citizens of the state and all business transactions, was not in the mind of the legislature when it enacted the excise law, or, rather, that the legislature had no reference to it. It is a forced construction to hold that the sale of intoxicating liquors on Sunday is in violation of law, within the intent of the special provision upon the subject, because it is prohibited in this general manner. There is much force in the view that the safe construction of sec. 1563 is to hold that it relates solely, and was intended only to apply, to a violation of the excise law itself, which was the subject matter before the legislature and about which it was making regulations and prescribing penalties. By this construction a sale in violation of law must be understood to mean a sale prohibited by the

provisions of the excise law itself, either expressly or by implication; and, as we have said, as that law does not expressly prohibit a sale on Sunday, the saloon building of the defendant is not a public nuisance within the meaning of sec. 1563.

The question reported by the circuit judge must therefore be answered in the negative, and the cause remanded to the circuit court with a certified copy of this opinion for its action.

*By the Court.*— Ordered accordingly.