REYCRAFT *v.* McDONALD.

LIBEL AND SLANDER—PRIVILEGE—SANITY—STATUTES.

> Statements made by defendant to the judge of probate, no one else being present, in instituting proceedings to have plaintiff's sanity judicially determined under Act No. 100,. Pub. Acts 1909 (1 Comp. Laws 1915, § 1325), were absolutely privileged and cannot be made the basis of an action for slander, notwithstanding defendant did not belong to any of the classes of persons authorized by said act to bring such proceedings.

Error to Emmet; Shepherd, J. Submitted January 12, 1916. (Docket No. 128.) Decided December 30, 1916.

Case by John J. Reycraft against Dudley McDonald for slander. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Sherman T. Handy* (*Francis T. McDonald* and *Mesick & Miller*, of counsel), for appellant.

*Wade B. Smith.* for appellee.

PERSON, J. This is an action for slander, and at the trial the circuit judge directed a verdict for defendant.

Plaintiff brings the case to this court by writ of error. The alleged slanderous words were used in a statement made by defendant to the probate judge of the county, in his official capacity, to the effect that plaintiff was insane and needed hospital treatment. The statement was made in the office of the judge of probate when only defendant and the judge were present. It is clear from the record that it was for the purpose of instituting proceedings by which plaintiff's alleged insanity should be judicially determined. Upon the information received by him at the time from defendant, the judge prepared a proper petition for an order directing the admission of plaintiff to an asylum or institution for the care of the insane, and the petition was signed and verified by defendant. Notice of such petition, and of the time and place of the hearing thereon, was duly served upon plaintiff, who, with his attorney, thereupon appeared at the probate office for the purpose of the investigation. In the meantime it had been discovered by the judge of probate that defendant had no authority under the statute to make the petition, and he so announced to plaintiff's attorney. The attorney replied that they would waive the question of jurisdiction and proceed with the merits of the matter; but it being the opinion of a physician, who had been consulted, that plaintiff was not insane, the proceedings were dismissed.

The declaration in the instant case counts solely upon the statement made to the judge of probate. It does aver that:

Defendant "on the 8th day of February, A. D. 1912, at the county aforesaid, did speak, declare and publish of and concerning said plaintiff in his said business or profession in the presence of Andrew L. Deuel, and divers other good and worthy persons, certain scandalous, defamatory and false words, to wit: 'John J. Reycraft (meaning the plaintiff) is insane and in need of hospital treatment.' "

But the words "divers other good and worthy persons" must be held to refer to others supposed to be present when the statement was made to Judge Deuel. They cannot be held to relate to distinct utterances of which the dates and circumstances are not given. The record shows, however, that there was no other person present at the conversation between the judge and defendant.

On behalf of defendant it is claimed that the statement made to Judge Deuel regarding plaintiff's insanity was absolutely privileged, because made in the course of judicial proceedings. Plaintiff insists that it was not made in the course of judicial proceedings, inasmuch as defendant was not authorized to institute such proceedings, and his petition gave the court no jurisdiction over the person of plaintiff; and this is the only question in the case which we think it necessary to discuss.

It is true that defendant was not authorized to make the petition. The statute reads as follows:

"The father, mother, husband, wife, brother, sister or child of a person alleged to be insane, or the sheriff, or any superintendent of the poor, or supervisor of any township, or any peace officer within the county in which the alleged insane person resides, or may be, may petition the probate court of said county for an order directing the admission of said person to an asylum or institution for the care of the insane." Act No. 100, Pub. Acts 1909; 2 How. Stat. (2d Ed.) § 3656; 1 Comp. Laws 1915, § 1325.

Undoubtedly the authority of the probate court to commit a person to an asylum on the ground of insanity is purely statutory, and it is conceded that defendant did not belong to any of the classes of persons authorized to make the petition. But does this fact make his communication to the probate judge any less privileged?

In *Flynn* v. *Boglarsky*, 164 Mich. 513 (129 N. W.

674, 32 L. R. A. [N. S.] 740), the defendant therein, with others, presented to the police justice, regarding plaintiff's conduct, a certain petition which the latter conceived to be slanderous. It was conceded that the petition was not one that the justice could act upon. It gave him no jurisdiction to issue any process against the parties complained of; but this court held that it was absolutely privileged, saying:

"The matter stated in this petition was clearly pertinent and material to the subject of the investigation desired. * * * The magistrate had jurisdiction over such matters. We are not disposed to narrow or abridge the right of a citizen to make even an oral complaint before a magistrate charged with the duty of investigating the matters complained of. * * * Such communications are made in the strictest confidence, and are as sacred in the eyes of the law as the communications between client and lawyer, or patient and physician."

We think defendant's communication to the probate judge in this case was equally a matter of absolute privilege. It was made for the purpose of instituting legal proceedings, and to a court having jurisdiction of the subject-matter. Whether the defendant was authorized to make the petition, and whether it empowered the court to act in the particular case, were themselves questions for judicial determination.

Our conclusion upon this phase of the case makes it unnecessary to consider the other points raised.

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.