HATHAWAY, Respondent, vs. BRUGGINK and others, Appellants.

*December 5, 1918—January 7, 1919.*

*Libel: Absolute or qualified privilege? Examination of defendants by plaintiff before pleading: Sales of liquor to minors and on Sundays: Letter to attorney general charging neglect of duty by sheriff: Irrelevant matter: Malice: Questions for jury.*

1. An absolutely privileged communication, not being a basis for an action of libel, does not give the plaintiff in such an action any right to an examination of the defendants before pleading, under sec. 4096, Stats.

2. Upon a motion in such case to restrain a proposed examination of defendants, the question whether the communication was absolutely privileged must be determined by what appears on its face, and anything extrinsic (such as an affidavit by a defendant stating facts and reasons why the communication was written) must be disregarded.

3. A letter to the attorney general stating the writers' belief that the excise laws of the state were being violated in their village by sales of liquor to minors and by the keeping of saloons open on Sundays with accompanying disorders; that no help could be had from the sheriff or the district attorney of the county; and that the writers wished to have something done by the attorney general and to "have the privilege of having peace" in the village, is *held* to be within the rule of qualified privilege, as being a communication calling to the attention of a public official, authorized to take action thereon, an alleged violation of the law.

4. Sales of liquor to minors in violation of sec. 1577, Stats., would be a breach of a saloonkeeper's bond, for which, under sec. 1549, an action might be brought in the name of the state; and under sec. 14.53 the attorney general is authorized and may be required to represent the state in such an action.

5. The language of the letter in question with reference to the saloons being "open" on Sundays is construed as charging that liquor was sold therein on Sundays. [Whether, in view of what was held in *State v. Wacker,* 71 Wis. 672, the attorney general might, under sec. 3180a, Stats., proceed to abate the saloons so violating the Sunday law as being public nuisances under sec. 1563, is not determined.]

6. The letter being only conditionally privileged, an action by the sheriff mentioned therein for libel might be based upon it if, as alleged, the statements therein as to him were made falsely

and maliciously; and malice might be proved by showing that such statements were made recklessly or were based on nothing in the way of information.

7. It being stated in the letter that the sheriff will do nothing, "being up to his neck in booze most of the time himself," the question whether the words quoted constituted such an unnecessary, irrelevant, and gratuitous charge and insult as not to be within the protection of the rule of qualified privilege might, upon evidence being adduced, become a question for the jury.

8. The communication in this case not being absolutely privileged, and it appearing that in the action for libel based thereon there may be issues of fact to be determined by a jury, an examination of the defendants under sec. 4096, Stats., by the plaintiff before pleading, was permissible.

APPEAL from an order of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The appeal is from an order denying an application to restrain plaintiff from proceeding under sec. 4096, Stats., in a proposed examination of certain defendants before pleading.

The plaintiff commenced an action by summons and sought to examine the defendants *George R. Mayhew* and *Garret Bruggink* before pleading under the provisions of sec. 4096. Plaintiff's affidavit upon which such examination was proposed to be had alleged in substance:

That plaintiff, of good name, fame, and reputation, was at the time the sheriff of Dodge county; that the defendants maliciously composed and published of plaintiff and sent to the attorney general of Wisconsin the following letter:

"Burnett, Wis., May 4, 1918.

"Hon. Spencer Haven, State District Atty. General, Madison, Wis.

"My dear Mr. Haven:

"We have in this town two saloons. Neither one takes any consideration as to whether they are molesting the peace or not. Our state 'Blue Law' prohibits saloons being open on Sunday. We have them open every Sunday. Things go

on altogether through the back door.   The street entrance is closed on Sunday.

"We believe that 'booze' is being sold to 'minors,' and we also believe that it is being sold to our boys in 'khaki' by one of them at least.

"Complaint has been made to the sheriff, but he will do nothing.  (Being up to his neck in 'booze' most of the time himself.)

"Waupun and Brandon are dry.   On Sundays we are almost overrun with 'booze hoisters.'  Some of the most disgraceful things are going on that one can imagine.   The element here is altogether for 'booze,' and those who are taking this in with some degree of patience are getting tired of it.

"May 3, 1918, we, the undersigned, went to Beaver Dam, Wisconsin, to see our district attorney, Mr. M———, but we could get no satisfaction.   He claimed that it has to be settled locally, and that he could do nothing for us.   We, however, are convinced that he is a man who was put in office by the 'liquor element.'  His work shows it.   Complaints have been made by others in regard to his work in this district.

"We are advised by the Rev. T———, Milwaukee, Wisconsin, representing the Lord's Day Alliance, that we should see Mr. M———, and that if he did not want to take action to report the case to you.   We are doing this, hoping that in some way or other you may be able to make him see things in a different light.   He also advised us that you want every district attorney to do his duty.

"May we, the undersigned, have the pleasure of having something done here?  May we have the privilege of having peace in Burnett?               Sincerely yours,

"(Signed)   GARRETT BRUGGINK.<br>
"S. A. CLIFFORD.<br>
"GEO. R. MAYHEW.<br>
"GEO. W. SMITH.<br>
"H. J. HASKINS."

The defendants moved the court below to restrain the plaintiff from so proceeding on the ground that certain of the seventeen points upon which plaintiff sought discovery were not relevant and other points related to matters that

are privileged. With such motion was presented an affidavit of the defendant *Mayhew* containing allegations as to facts and reasons why such letter was written and sent. The court denied the defendants' motion, and from the order so denying and also fixing a time for such examination the defendants have appealed.   ·

C. E. Hooker of Waupun, for the appellants.

For the respondent there was a brief by *Clark & Lueck* of Beaver Dam, and oral argument by *A. W. Lueck* and *Royal F. Clark.*

ESCHWEILER, J.   The only proposition urged by defendants on this appeal is that the letter in question is within the class of absolutely privileged communications and for that reason cannot be made the basis of an action for libel. If it be such, then it necessarily follows that no right to the proposed examination of defendants under sec. 4096, Stats., could be predicated upon it under the unquestioned rule in this state. *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900.

Plaintiff insists that the communication in question neither charges the violation of any law nor does it ask for any specific relief, and that therefore it does not come either within the class of absolute or of qualified privilege, and that the expression in the letter referring to him as "(being up to his neck in booze most of the time himself)," which is relied upon as the basis for this libel action, is such a false, irrelevant, unfair, and contemptuous expression as to make it libelous no matter what view may be taken of the balance of the communication.

In the present disposition of this case the letter must be tested by what appears on the face of it, and anything extrinsic, such as is the defendants' affidavit, must at this time be disregarded.

We think that a reasonable and fair construction of this communication as it is written and in its entirety requires

the conclusion that it is in substance a complaint to the at-
torney general of this state conveying to him the belief of
the writers that the excise laws of this state were being vio-
lated in their home town; that no help in that regard could
be had from the plaintiff as sheriff or from the district at-
torney of that county; and that the writers wish that some-
thing be done by the attorney general and that they may
"have the privilege of having peace in Burnett."

The letter states the writers' belief that liquor is being
sold in their village to minors. If such sales were being made
they were in violation of sec. 1577, Stats. Such sales would
be violations of the terms and conditions prescribed in the
bond required of every licensed saloonkeeper by sec. 1549,
Stats. Under this sec. 1549 an action may be brought against
the principals and sureties in such bond for such breach.
Such action could be brought in the name of the state of
Wisconsin, and under sec. 14.53, Stats., the attorney gen-
eral may be required to and is authorized to represent the
state in actions in which it shall be a party.

The plaintiff also argues that the language in the first
paragraph of the letter should be construed to mean nothing
more than that the saloons therein referred to are open in
the sense of permitting persons to enter therein on Sundays,
rather than charging that there is a violation of sec. 1564,
Stats., which prohibits the selling, giving away, or barter-
ing of any intoxicating liquors on Sunday. A consideration
of the entire language of the first paragraph of this letter
would certainly give warrant to the person to whom the
same was addressed to understand therefrom that there were
sales being made in saloons on Sunday and that there was
intended to be charged a violation of the law prohibiting the
doing of business in the way of selling intoxicating liquors
on Sunday, rather than the charge that the keepers of the
saloons were going through the idle formality or empty
courtesy of permitting persons to enter through the back

door and then to wander about therein with unsatisfied thirst.

Whether, however, the attorney general might, as suggested by defendants, under the provisions of sec. 3180a, Stats., proceed to abate such saloons so violating the Sunday law as being such a public nuisance as is defined under sec. 1563, Stats., in view of what was held by this court in the case of *State v. Wacker,* 71 Wis. 672, 38 N. W. 189, it is not necessary to now determine and we therefore express no opinion upon that proposition.

The letter, therefore, being one that calls to the attention of a proper public official, who is authorized to take some action thereupon, an alleged violation of the law, it brings the entire communication within the rule of qualified privilege. The case here is controlled by the case of *Joseph v. Baars,* 142 Wis. 390, 125 N. W. 913. There a communication to a village marshal by the defendant, for the purpose of having criminal proceedings instituted against the plaintiff therein, was held to be a privileged communication if written in good faith, and that the defendant would be protected and held immune from an action for libel unless the plaintiff was able to prove that there was actual malice in the making of any false statements therein contained, and that such malice might be proven by evidence showing that such statements were made recklessly or based on nothing in the way of information.

The plaintiff in his affidavit has alleged that the communication was made with malice, and this the plaintiff may be required to prove upon the trial. *Buckstaff v. Hicks,* 94 Wis. 34, 68 N. W. 403; Cooley, Torts, p. 236; *Miller v. Nuckolls,* 77 Ark. 64, 91 S. W. 759, 4 L. R. A. n. s. 149

The principle here involved and the situation are substantially different from any disclosed in the authorities relied upon by defendants in their argument on this appeal, that the communication is one entitled to the protection afforded by the rule of absolute privilege. In *Larkin v.*

*Noonan,* 19 Wis. 82, relied upon, the communication was to the governor, who under the law had the power of removal of the sheriff concerning whom the communication was made, and because of such power of removal it was said that the action contemplated or requested by the communication, namely, the removal of the plaintiff sheriff by the governor, so partakes of the nature of judicial proceedings that it should come within the same rule of absolute protection· as governs all testimony, statements, or communications in or with reference to strictly judicial proceedings. The same principle was recognized in the subsequent case of *Werner v. Ascher,* 86 Wis. 349, 56 N. W. 869. That the absolute privilege extends to statements both malicious as well as false is indicated in such cases as *Schultz v. Strauss,* 127 Wis. 325, 106 N. W. 1066; *Keeley v. G. N. R. Co.* 156 Wis. 181, 145 N. W. 664; *In re Quarles,* 158 U. S. 532, 15 Sup. Ct. 559; *Reycraft v. McDonald,* 194 Mich. 500, 160 N. W. 836; *Flynn v. Boglarsky,* 164 Mich. 513, 129 N. W. 674; *Connellee v. Blanton* (Tex. Civ. App.) 163 S. W. 404.

· We cannot at this stage of the case hold that as matter of law the expression appearing in parentheses in the quoted letter above, that plaintiff himself "is in booze up to his neck," is such an unnecessary, irrelevant, and gratuitous charge and insult that it would be excluded from the protection of the rule of qualified privilege, as was held as to the expressions involved in such cases as *Putnam v. Browne,* 162 Wis. 524, 155 N. W. 910; *Arnold v. Ingram,* 151 Wis. 438, 138 N. W. 111. Under sec. 1553, Stats., the plaintiff as sheriff is required, upon knowing or being credibly informed that any offense has been committed relating to the excise laws, to make complaint against the offending person to a proper judicial officer, and for neglect or refusal so to do such officer shall be deemed guilty of a misdemeanor. Such being the case, it may be that the jury may find under evidence that may be placed before them that there was some reasonable connection between the idea intended to be con-

veyed by the rather crude expression thus complained of and the failure, if any there were, of the sheriff to proceed against persons who were violating the excise law, and the question, therefore, as to whether or not such expression was gratuitous and irrelevant and therefore outside the privilege must be left for the determination of the jury.

It follows therefrom that the trial court was right in holding that there might be issues of fact to be determined by a jury in the case and therefore that the proposed examination was permissible.

*By the Court.*—Order affirmed.