Devine, Appellant, v. McGowan and another, Respondents.

*January 10—February 6, 1962.*

For the appellant there was a brief by *Eisenberg &
Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of
Milwaukee, and oral argument by *Mr. Star.*

For the respondents there was a brief by *Bender, Trump,
Davidson & Godfrey,* attorneys, and *Richard R. Robinson*
of counsel, all of Milwaukee, and oral argument by *Mr.
Robinson.*

BROADFOOT, C. J.    Plaintiff's first claim of error refers
to the form of the first question of the special verdict, which
was as follows:

"At and immediately prior to the collision were the rail-
road employees negligent with respect to

"(a) Ringing the engine bell?
"(b) Lookout?
"If you have not answered subdivision (b), then answer this subdivision:
"(c) Sounding engine whistle?"

It is contended that subdivision (c) thereof with reference to sounding the engine whistle did not admit of a direct answer.

In the trial court's written decision on motions after verdict it admitted that a mistake was made in the framing of the question. It had intended to indicate that if the jury found the railroad employees negligent with respect to lookout then it should not answer the last subdivision of the question, and the court had in mind avoiding duplicity in the verdict.

We agree that there was error in the form of the question but the same was not prejudicial. Although the jury did not answer subdivision (c) of the first question, it did find that any negligence with respect to sounding the engine whistle was not a substantial factor in causing the collision. There was no statute, city ordinance, or regulation of the public service commission that required the blowing of the engine whistle. By case law it has been determined that within city limits the whistle need be blown only where the engine crew observes an automobile approaching a crossing and believes that those in the automobile are unaware of the train's approach. *Keegan v. Chicago, M., St. P. & P. R. Co.* (1947), 251 Wis. 7, 27 N. W. (2d) 739; *Webster v. Roth* (1945), 246 Wis. 535, 18 N. W. (2d) 1. The observation made by the train crew did not reveal to any one of them that the plaintiff was unaware of the engine's approach until it was too late. Since their observation did not indicate that an emergency existed there was no duty to sound the whistle. The jury was so instructed and the plaintiff has not excepted to the correctness of the instruction.

The plaintiff next contends that the trial court erred in failing to change the answer in the special verdict so as to find the defendants' negligence as to the ringing of the bell was a substantial factor in causing the collision.

We cannot agree with this contention. The finding of negligence on the part of the railroad employees was based on a violation of sec. 192.29 (3), Stats., which requires the engine bell to be rung continuously within 20 rods of a crossing. Admittedly this was not done. However, the engine was brought to a stop before crossing the highway and the automatic device for ringing the bell was then activated. The purpose of ringing the bell is to warn travelers upon the highway of the approach of the engine. Since the plaintiff saw the engine, the jury could reasonably believe plaintiff had timely warning that the engine was in operation and might cross the highway. This was at a time when plaintiff was far enough away to take precautionary measures. The ringing of the bell during the entire statutory distance would have added nothing to plaintiff's warning.

It is next contended that the trial court erred in refusing to change the answer in the special verdict which found that the plaintiff was negligent in the operation of his automobile with respect to management and control. It is argued that there was no question raised as to the lookout exercised by the plaintiff and it is admitted that he was proceeding at a reasonable rate of speed. It is contended further that as soon as he realized there was danger he applied his brakes and swung his car to the right to attempt to avoid the collision.

In *Bembinster v. Aero Auto Parts* (1961), 12 Wis. (2d) 252, 107 N. W. (2d) 193, 108 N. W. (2d) 115, and in earlier cases we have held that the presence of a railroad crossing is a signal of danger, and that an automobile driver must have his car under control as he approaches the same, slowing his speed if necessary so that he can stop to avoid

a collision. The record must be viewed in the light most favorable to sustaining the answers of the jury where possible.

The plaintiff's testimony was not consistent. He gave various estimates as to the distance he was from the crossing when he first saw the engine. These distances varied from 75 to 150 feet. At one time he testified that he first saw the engine when he was 150 feet from the track. He stated that he went a ways before he applied the brakes. He started to apply the brakes when he saw the engine lurch out at him, and that he turned the wheel at the same time. At another point he said that at the time the engine was right in front of him and later he conceded that he had applied his brakes too late. It is undisputed that the highway was dry and the weather was clear. At his speed he could have stopped his car well before reaching the track if he had maintained proper control thereof. There was sufficient credible evidence in the record to sustain the jury's findings that the plaintiff was causally negligent as to management and control.

Finally, the plaintiff contends that the trial court erred in failing to instruct the jury with respect to the failure of the railway company to provide a flagman or other warning at the crossing. No statute, municipal ordinance, or public service commission order required the presence of a flagman or other warning at the crossing. Plaintiff did not contend upon the trial that a flagman was regularly stationed there and no instruction covering the point was requested. Under the circumstances, and based upon the record, we find no error in this regard.

*By the Court.*—Judgment affirmed.