BERGMAN, Respondent, v. HUPY, Appellant.

*No. 208. Submitted under sec. (Rule) 251.54 September 10, 1974.—*
*Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 898.)

748

The cause was submitted for the appellant on the brief of *Allan F. Glasschroeder* of Milwaukee, and for the respondent on the brief of *Marjan R. Kmiec* and *Karius, Kmiec & Kay*, all of Milwaukee.

ROBERT W. HANSEN, J.   The sole issue here is whether statements made to a district attorney in his official capacity are absolutely or conditionally privileged.  If such statements are absolutely privileged, the person making such statements cannot be sued for libel or slander because of them.  If such statements are only conditionally privileged, the exemption from responsibility for libel or slander. on the ground of privilege extends only to statements made in good faith without malice.

While the distinction between the two is not to be blurred nor abandoned, both privileges, absolute or conditional, seek to closely circumscribe the types of causes of action which may arise against those who participate in law enforcement activity or in the functioning of the legal system.[1]  Thus some of the participants in judicial proceedings are "clothed with virtually complete immunity from liability."[2]  This is the absolute privilege. Others are "not liable unless they are shown to have acted with malice."[3]  They are given only a conditional privilege.  Whether the privilege applicable is absolute or conditional requires an analysis of the particular situation involved.  Wisconsin cases dealing with the absolute-or-conditional privilege question appear to fall into four major categories:

1.  *Statements made during judicial proceedings.*

As to statements made during judicial proceedings, the Wisconsin rule is that defamatory words published or spoken by parties, witnesses and counsel are absolutely privileged when the statements bear a proper relationship to the issues.[4]  Thus judicial officers, acting in the

[1] *Bromund v. Holt* (1964), 24 Wis. 2d 336, 341, 129 N. W. 2d 149.
[2] *Id.* at page 341.
[3] *Id.* at page 341.
[4] *DiMiceli v. Klieger* (1973), 58 Wis. 2d 359, 365, 206 N. W. 2d 184.

exercise of their jurisdiction are exempt from civil liability irrespective of the existence of malice.[5] A public prosecutor acting in his official capacity is "absolutely privileged to initiate or continue criminal proceedings." [6] Witnesses in judicial proceedings are "immune from civil liability for damages caused by false and malicious testimony, if relevant to the issues in the matter where the testimony is given." [7] Likewise, parties and counsel are immune from liability for "relevant statements in pleadings and otherwise in the course of judicial proceedings." [8] This absolute privilege as to statements made during judicial proceedings has been summarized to be:

"Parties to judicial proceedings are absolutely exempt from responsibility for libel on the ground of privilege for any defamatory matter published in the course of judicial proceedings, subject to the possible qualification that such defamatory matter is pertinent or relevant to the case. . . ." [9]

*2. Statements made during quasi-judicial proceedings.*

As to statements made during quasi-judicial proceedings, the Wisconsin rule is that such statements are also absolutely privileged when the statements bear a proper relationship to the issues.[10] Thus this court has held, "The great weight of authority is to the effect that the proceedings before administrative agencies are absolutely privileged. . . ." [11] Recently, this court stated,

[5] *Bromund v. Holt, supra,* footnote 1, at page 341.

[6] *Id.* at page 341.

[7] *Id.* at pages 341, 342.

[8] *Id.* at page 342.

[9] *Novick v. Becker* (1958), 4 Wis. 2d 432, 435, 90 N. W. 2d 620. Quoted and followed in: *Schafer v. Suckle* (1963), 21 Wis. 2d 425, 430, 124 N. W. 2d 577; *Spoehr v. Mittelstadt* (1967), 34 Wis. 2d 653, 660, 150 N. W. 2d 502.

[10] *DiMiceli v. Klieger, supra,* footnote 4, at page 365.

[11] *Schier v. Denny* (1961), 12 Wis. 2d 544, 548, 107 N. W. 2d 611.

". . . And such absolute privilege has been extended to quasi-judicial proceedings, including petition to a governor for removal of a sheriff, town board proceedings concerning a tavern license, a complaint to the state real estate brokers' board. . . ." [12] In the case where the plaintiff alleged a false and malicious complaint had been filed with the state real estate board, this court stated the rationale for absolute privilege as follows:

"To permit the plaintiff in the instant action of malicious prosecution to recover for damages sustained by reason of injury to his reputation, either as a person or as a real-estate broker, as a result of anything contained in the defendant's complaint to the real estate brokers' board, or in consequence of defendant's testimony given at the hearing conducted by such board, would circumvent the privileged character thereof and render such privilege valueless. . . ." [13]

### 3. *Statements made to law enforcement officers.*

As to statements made to law enforcement officers, the Wisconsin rule is that such statements ". . . fall within the ambit of conditionally privileged statements, provided, however, that the damaging remarks are made in good faith without malice. . . ." [14] The purpose of the conversation with the law enforcement officer is the important consideration. It is the clear duty of citizens to give to the police or other law enforcement officers such information as they may have respecting crimes which have been committed. However, not all conversations with law enforcement officers are for the purposes of apprehension or conviction of one who has committed a crime. In *Lisowski,* this court was ". . . not convinced that the jury would have found the defamatory remarks

[12] *DiMiceli v. Klieger, supra,* footnote 4, at page 365.

[13] *Schier v. Denny, supra,* footnote 11, at pages 548, 549.

[14] *Lisowski v. Chenenoff* (1968), 37 Wis. 2d 610, 627, 628, 155 N. W. 2d 619.

to have been made in good faith for the purpose of instituting criminal proceedings." [15] In an earlier case cited in *Lisowski*, this court found that the defendant did not contact the chief of police in order to institute criminal proceedings, but rather to embarrass the plaintiff at his place of employment, and concluded, "The occasion was privileged, but the conversation was not." [16] For our purposes here, it is enough to note that statements made by citizens to law enforcement officers have been given conditional, not absolute, privilege.

4. *Statements made during investigatory proceedings.*

As to statements made to a grand jury or to a district attorney in his official capacity, in relation to matters pending for investigation by the grand jury or the district attorney, the Wisconsin rule is that such statements are absolutely privileged. The rule was established in a case in which a plaintiff sued, alleging that his indictment for extortion and bribery resulted from false and defamatory statements made by the defendant to the grand jury and ". . . also to Francis E. McGovern in his official capacity, then the district attorney of Milwaukee county, and that the information sought had relation to matters then pending for investigation by the grand jury and the district attorney. . . ." [17] This court held that the ". . . plaintiff has no cause of action arising out of the transaction participated in by the defendant before the grand jury; nor has he a cause of action against defendant by reason of any statements defendant made to the district attorney or his assistants in their official capacities. . . ." [18] In this early, but not overruled case, this court found absolute privilege was to be ". . . ac-

[15] *Id.* at page 628.
[16] *Otten v. Schutt* (1962), 15 Wis. 2d 497, 504, 113 N. W. 2d 152.
[17] *Schultz v. Strauss* (1906), 127 Wis. 325, 327, 106 N. W. 1066.
[18] *Id.* at page 331.

corded to statements made by witnesses and counsel in the course of judicial proceedings for bringing offenders to justice, and the furnishing of preliminary information to officers charged with the duty of enforcing the law against offenders . . . ." [19]

In an earlier case, where a communication had been sent to the governor seeking removal of a county sheriff, this court held that, because of such power of removal, ". . . the action contemplated or requested by the communication, namely, the removal of the plaintiff sheriff by the governor, so partakes of the nature of judicial proceedings that it should come within the same rule of absolute protection as governs all testimony, statements, or communications in or with reference to strictly judicial proceedings. . . ." [20] This rationale was followed by this court as to a complaint to the state attorney general concerning a claimed violation of excise laws in their home town, with this court stating, ". . . That the absolute privilege extends to statements both malicious as well as false is indicated in such cases as *Schultz v. Strauss,* 127 Wis. 325, 106 N. W. 1066; *Kelley v. G.N.R. Co.,* 156 Wis. 181, 145 N. W. 664 [and other cases cited]." [21]

The *Schultz Case* is wine of early vintage, but the passing years have not altered the soundness of its reasoning, and the correctness of its result. The wine may have mellowed, but it has not soured. As to statements made to a grand jury, in a John Doe investigation, or to a district attorney or his assistant in seeking issuance of a criminal complaint, we deal with the initial proceedings that are an integral part of the regular

[19] *Id.* at page 331.
[20] *Hathaway v. Bruggink* (1919), 168 Wis. 390, 396, 170 N. W. 244, discussing *Larkin v. Noonan* (1865), 19 Wis. 93 (*82).
[21] *Id.* at page 396.

course of justice.[22] As to such proceedings, including in the case before us, the statements made by defendant about the plaintiff to the assistant district attorney in seeking issuance of a criminal complaint, we find an absolute privilege, agreeing with the court holding in *Schultz* that:

". . . 'the policy of the law here steps in and controls the individual rights of redress. The freedom of inquiry, the right of exposing malversation in public men and public institutions to the proper authority, the importance of punishing offenses, and the danger of silencing inquiry and of affording impunity to guilt, have all combined to shut the door against prosecutions for libels in cases of that or of analogous nature.' " [23]

*By the Court.*—Order reversed, demurrer sustained, and cause remanded for purpose of dismissing the complaint.

[22] *See*, holding that the discretion to prosecute exercised by a district attorney "approaches the quasi-judicial," *State ex rel. Kurkierewicz v. Cannon* (1969), 42 Wis. 2d 368, 378, 166 N. W. 2d 255.

[23] *Schultz v. Strauss, supra*, footnote 17, at page 329, quoting *Thorn v. Blanchard* (N. Y. 1809), 5 Johns. 508.