## COURT OF APPEALS
## DECISION
## DATED AND FILED

## June 21, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1838**

Cir. Ct. No. 2020CV122

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

HELEN R. KRAHN, SPECIAL ADMINISTRATOR FOR THE ESTATE OF JAMES J. KRAHN, KEVIN KRAHN, CATHERINE SKELDING AND JOHN KRAHN,

PLAINTIFFS-APPELLANTS,

V.

BARBARA E. MEYER-SPIDELL,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Waukesha County: RALPH M. RAMIREZ, Judge. *Affirmed*.

Before Neubauer, Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Helen R. Krahn, Special Administrator for the Estate of James J. Krahn, Kevin Krahn, Catherine Skelding and John Krahn (collectively, "the Krahns") appeal an order granting summary judgment to Barbara E. Meyer-Spidell in this libel action. We conclude the allegedly libelous statements were made in connection with investigatory proceedings, and they are therefore absolutely privileged. We affirm.

## BACKGROUND

¶2    The Krahns allege that during his life, James Krahn made gifts of real and personal property to Meyer-Spidell that were obtained as a result of her undue influence and fraud. In 2018, James Krahn, who died during the pendency of this action, filed a civil lawsuit against Meyer-Spidell. The New Berlin Police Department also commenced a criminal investigation of Meyer-Spidell led by Sergeant Ryan Park. On August 7, 2019, police executed a search warrant at Meyer-Spidell's home, seized her personal property, and arrested her on suspicion of fraud and elder abuse.

¶3    On September 3, 2019, Meyer-Spidell hand-delivered to Sergeant Park a one-page letter with a lengthy series of attachments. We need not recite the full content of the letter here. For purposes of this libel action, it is sufficient to note that the letter leads with Meyer-Spidell's intention to "establish that I never took advantage of anyone." Meyer-Spidell asserted that her receipt of property was "related to business relations" and that she had "exculpatory evidence" proving that she was innocent and that she "never had any power and influence as compared to [Krahn]."

¶4    Of particular interest to the Krahns for purposes of this litigation was the following paragraph:

2

> I will be seeking punitive damages against all those involved in this conspiracy. What Krahn has done to me is tantamount to labor-trafficking, sex trafficking, solicitation, extortion, fraud, and is illegal. He has virtually run my good name into the ground, and caused everyone much ado, in order to detract from the truth whatever he could. He has used lies and confusion as a tool, to escape the music, and seemingly cover his tracks. Please do not believe the Krahn's [sic].

¶5    In 2020, the Krahns filed the present libel action against Meyer-Spidell, alleging that the contents of the letter to Park were false and damaging. Following discovery, Meyer-Spidell moved for summary judgment, which the circuit court granted following a hearing.[1] Among other things, the court concluded that Meyer-Spidell's statements to law enforcement were "made in an attempt to defend herself from the plaintiffs' allegations. They are privileged in that respect." The Krahns now appeal.

## DISCUSSION

¶6    We review a grant of summary judgment de novo using a well-established methodology.[2] ***Chapman v. B.C. Ziegler and Co.***, 2013 WI App 127, ¶2, 351 Wis. 2d 123, 839 N.W.2d 425. Summary judgment should be

---

[1] The Krahns assert that there is a genuine issue of material fact created as a result of Meyer-Spidell's invocation of her Fifth Amendment right to silence during her deposition. As stated below, we need not reach this issue because we conclude Meyer-Spidell's statements in the letter to Park were absolutely privileged.

[2] Meyer-Spidell argues for a "clearly erroneous" standard of review. That standard of review applies to a circuit court's factual findings, of which there were none here. Meyer-Spidell's argument on this point is self defeating: had the circuit court made any findings regarding disputed facts, summary judgment would have been improper. *See **State Bank of La Crosse v. Elsen**, 128 Wis. 2d 508, 515-16, 383 N.W.2d 916 (Ct. App. 1986).

granted if there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2021-22).[3]

¶7 To prevail on their libel claim, the Krahns would have to prove the following elements: (1) a false statement; (2) communicated by speech, conduct, or in writing to a person other than the person defamed; and (3) that the communication is unprivileged and is defamatory—i.e., it tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating with or dealing with the person. *See Mach v. Allison*, 2003 WI App 11, ¶12, 259 Wis. 2d 686, 656 N.W.2d 766.

¶8 This appeal turns on whether Meyer-Spidell's letter was privileged. Our supreme court has identified several categories of absolutely or conditionally privileged statements that do not give rise to a claim for libel. *See generally Bergman v. Hupy*, 64 Wis. 2d 747, 221 N.W.2d 898 (1974).

¶9 One such category is statements made to law enforcement officers. The rule is that such statements are conditionally privileged provided that the allegedly damaging statements are made in good faith without malice. *Id.* at 751. The purpose of the conversation is key to this privilege: the privilege is afforded to those who make a statement for the purposes of apprehension and conviction of one who has committed a crime. *Id.*

¶10 Another privileged category is for statements made during an investigatory proceeding. Such statements are afforded an absolute privilege,

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

4

regardless of whether they were made with malice. This category includes statements made to a grand jury or to a district attorney in seeking the issuance of a criminal complaint as such proceedings "are an integral part of the regular course of justice." *Id.* at 753-54. However, this category can also include "the furnishing of preliminary information to officers charged with the duty of enforcing the law against offenders[.]" *Schultz v. Strauss*, 127 Wis. 325, 331, 106 N.W. 1066 (1906), *quoted with approval in Bergman*, 64 Wis. 2d at 753.

¶11    While the case law does not provide for a clear delineation between these categories—indeed, there appears to be some overlap—we are satisfied that the circumstances of this case fall within the scope of the latter rule.[4] At the time Meyer-Spidell sent her letter, she was undoubtedly aware that she was the target of a criminal investigation. Approximately one month prior to sending the letter, her home had been searched, and some of her personal property had been seized pursuant to a judicially authorized warrant. She had been arrested during the execution of the warrant on suspicion of elder abuse and fraud.[5]

¶12    The content of the letter, too, undisputedly established the letter was an attempt to extricate herself from the criminal investigation. The letter was directed to the law enforcement officer leading the investigation. It specifically

---

[4] Though some cases can be read as intimating that the absolute privilege for statements made during investigatory proceedings might be limited to statements made during formal hearings, *see Converters Equip. Corp. v. Condes Corp.*, 80 Wis. 2d 257, 266-67, 258 N.W.2d 712 (1977), neither *Schultz v. Strauss*, 127 Wis. 325, 106 N.W. 1066 (1906), nor *Bergman v. Hupy*, 64 Wis. 2d 747, 221 N.W.2d 898 (1974), has been overruled, and both stated otherwise. In particular, the latter case involved statements to an assistant district attorney outside of any formal proceeding. *Bergman*, 64 Wis. 2d at 748.

[5] According to Meyer-Spidell, she was subsequently charged with those offenses. That prosecution was apparently dismissed for lack of probable cause.

states that the same information would be provided to the district attorney in an effort to forestall criminal charges. And, the allegedly defamatory statements in her letter relate to the subject matter of the investigation as they include an alternative portrayal of her relationship with Krahn and an attempt to paint herself as an innocent party who was herself wronged.

¶13 Having concluded that Meyer-Spidell's letter was absolutely privileged, we need not decide the other issues the parties raise, including whether the statements would otherwise be conditionally privileged. *See City of Waukesha v. Town Bd. of Town of Waukesha*, 198 Wis. 2d 592, 608, 543 N.W.2d 515 (Ct. App. 1995) (observing that this court need not decide other issues raised when one issue is dispositive of the appeal).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.