WERNER, Appellant, vs. ASCHER and others, Respondents.

*October 21 — November 7, 1893.*

*Libel: Privileged communication: Manner of publication: Pleading.*

An alleged libel was in the form of a petition or complaint to the town board for the purpose of obtaining a revocation of plaintiff's license to sell liquors, and was probably privileged if the only publication thereof was its presentation to said board. The complaint in the action alleged simply that said paper was maliciously written and published. *Held*, that on a demurrer *ore tenus* this should be construed as charging an unauthorized and improper publication or circulation of the paper, and hence that the complaint did not show on its face that the alleged libel was privileged.

APPEAL from the Superior Court of *Milwaukee* County.

Action for libel. Plaintiff was a saloon keeper in the town of Lake, Milwaukee county. The complaint charged in apt language that the defendants, maliciously intending to injure the plaintiff and his business, on the 10th of January, 1890, falsely and maliciously wrote and published a certain false, scandalous, and malicious libel of and concerning the plaintiff, which is set forth at length, with proper innuendoes. Sufficient allegations follow, showing that plaintiff's good name and reputation have been injured thereby, and that he has been driven out of his business as a saloon keeper.

The alleged libelous article set forth in the complaint begins as follows: "To the Honorable, the Board of Supervisors of the Town of Lake, in the County of Milwaukee: We, the undersigned, citizens and taxpayers of the town of Lake and city of Milwaukee, respectfully show to your honorable body." Then follow a series of statements charging in detail that the plaintiff has for more than a year kept a disorderly saloon, in which disorderly dances, disturbances, fights, and other breaches of the peace have fre-

quently taken place, so that the saloon is a public nuisance; that the plaintiff allows minors to congregate and stay in his saloon and participate in such dances, and sells beer and intoxicating drinks to such minors. The paper closes with a prayer that plaintiff's license be revoked and said saloon· be abolished. It is not alleged that the paper was ever verified, nor that it was ever presented to the board of· supervisors; but it is alleged that it was written and published over the signatures of each and every of the defendants.

A part of the defendants answered, admitting that they signed the paper, but denying any publication of the same except presentation to the chairman of the board of supervisors of the town of Lake, and claiming that the same was a privileged communication. The truth of the matter stated in the petition was also alleged. Upon the trial a demurrer *ore tenus* was sustained by the court, and the complaint was dismissed. Plaintiff appeals.

For the appellant there was a brief by *John J. McAuliffe*, attorney, and *H. J. Killilea*, of counsel, and oral argument by *Mr. McAuliffe*. To the point that the fact that the libel assumed the form of a petition afforded no protection to defendants, they cited *State v. Burnham*, 9 N. H. 34, and cases; *King v. Root*, 4 Wend. 113; *Klink v. Colby*, 46 N. Y. 428. The most that can be claimed is that it was conditionally privileged, which is a defense to be pleaded and the burden of proof of which would be on defendants, express malice being alleged in the complaint. *Klink v. Colby*, 46 N. Y. 428-434, and cases.

For the respondents the cause was submitted on the brief of *Julius E. Roehr*. He cited *Larkin v. Noonan*, 19 Wis. 82; *Wilson v. Noonan*, 35 id. 321, 349; *Hart v. Baxter*, 47 Mich. 198; *Marsh v. Ellsworth*, 50 N. Y. 309; *Hastings v. Lusk*, 22 Wend. 410; *Moore v. Manufacturers' Nat. Bank*, 123 N. Y. 420.

WINSLOW, J.   The trial court held that the complaint showed on its face that the alleged libel was privileged, and this is the only question presented.   In support of the ruling it is said that the complaint shows this paper to be a complaint made to the town board of supervisors, under sec. 1558, R. S., for the purpose of obtaining a revocation of plaintiff's license as a saloon keeper; that this proceeding is judicial in its nature, and therefore the paper complained of is privileged.   Probably, if the complaint showed that the only publication of the paper was its presentation to the board of supervisors of the town of Lake, the ruling of the trial court would be right, following the rule laid down in *Larkin v. Noonan*, 19 Wis. 82.   The difficulty is, however, that the complaint charges no such thing.   It simply alleges that the paper was maliciously written and published.   We think this allegation must be held to rebut the idea that the paper was simply presented to the town board of supervisors.   Certainly, under this allegation, it would be entirely competent for the plaintiff to prove that the paper was printed and distributed about the streets or posted on the bill boards, or otherwise circulated among the people for purposes of private spite, and not in a legitimate and *bona fide* attempt to institute a proceeding for the revocation of plaintiff's license.   If this was the case, the fact that it was addressed to the board of supervisors, or was in the form of a complaint to revoke plaintiff's license under the statute, would not make it privileged. *State v. Burnham*, 9 N. H. 34.   Upon demurrer *ore tenus* the court is inclined to give a more liberal construction to the pleading in favor of the pleader than upon demurrer regularly interposed, and under this rule we think the complaint should be construed as charging an unauthorized and improper publication or circulation of the paper.   Upon the proofs when introduced, it may perhaps appear that

the paper is privileged, but it does not so appear on the face of the complaint.

*By the Court.*— Judgment of the superior court reversed, and action remanded for a new trial.