HARTMAN, Appellant, v. BUERGER and another, Respondents.

*No. 179 (1974). Argued November 25, 1975.—*
*Decided February 10, 1976.*
(Also reported in 238 N. W. 2d 505.)

For the appellant there was a brief by *Claire A. Hartman*, pro se, of Wisconsin Dells, and oral argument by *Richard Moake* of Milwaukee.

For the respondents there was a brief by *Michael S. Weiden* and *Lawton & Cates* of Madison, and oral argument by *Michael S. Weiden*.

DAY, J. The judgment appealed from granted the defendants-respondents' motion for summary judgment in an action for defamation brought by plaintiff-appellant, Claire A. Hartman. The summary judgment was based on defendants' claim that an "absolute privilege" applies when a police officer gives requested character information to a licensing authority regarding an application for a fermented-malt beverage license.

On July 8, 1969, Mr. Hartman filed an application for a license to dispense fermented-malt beverages with the clerk of the town of Delton in Sauk county, pursuant to sec. 66.054, Stats. 1969.[1] Pending consideration of this

---

[1] 66.054 "(5) LICENSES; GENERAL REQUIREMENTS. (a) No person shall sell, barter, exchange, offer for sale, or have in possession with intent to sell, deal or traffic in fermented malt beverages, unless licensed as provided in this section by the governing board of the city, village or town in which the place of business is located. . . .

". . .

"(8) CLASS 'B' RETAILERS' LICENSES. (a) Class 'B' retailers' licenses shall be issued only to persons 18 years of age or over of good moral character, who are citizens of the United States and of

application, Mr. Hartman was permitted to operate a tavern which he had purchased from the previous owner.

The following day the Jefferson county sheriff's department received a teletype request from the Wisconsin Dells police department, apparently made at the request of the town of Delton, for a "character check" on Mr. Hartman. Chief Deputy Sheriff Buerger and Deputy Sheriff Morgan, the teletype operator, were on duty in the sheriff's office at the time the request came in. When Mr. Morgan approached Mr. Buerger, who at that time was on the telephone, and advised of the message concerning Mr. Hartman, Mr. Buerger briefly advised Mr. Morgan that Hartman's character was "not good." Mr. Morgan then teletyped the following response to the Wisconsin Dells police department:

"REF YOUR F135 DATE CHARACTER CHK ON
CLAIRE A. HARTMAN
SUBJECT IS NG.
AUTH SHERIFF JEFFERSN COUNTY."

"NG" means "no good" or "not good."

Much of the testimony in the depositions included in the record was devoted to an explanation of Mr. Buerger's characterization of Mr. Hartman as "not good." Neither Mr. Buerger nor Mr. Morgan knew or had ever even seen Mr. Hartman, who had no criminal record. Mr. Buerger did know that Mr. Hartman had previously been engaged in several business enterprises, including taverns, with his brother, Gerald, who had had frequent involvements with the authorities. Either from a confusion in identities, or because at the time he assumed that because of their previous business relationships Gerald Hartman was involved in Claire Hartman's activities, Mr. Buerger characterized Mr. Claire Hartman as "not good."

the state, and have resided in this state continuously for not less than one year prior to the date of filing the application. . . ."

Following receipt of the message from the defendants through the Wisconsin Dells police department, the town of Delton board denied Mr. Hartman's license application. This resulted in the closing of Mr. Hartman's tavern for an unspecified period of time. Mr. Hartman protested the license denial to the town clerk, who revealed to him the message from the defendants. Mr. Hartman contacted members of the town board and convinced them that the message was in error, and his license was eventually granted. There is no evidence that the message was revealed to persons other than officials of the Jefferson county sheriff's department, the Wisconsin Dells police department, the town of Delton, and Mr. Hartman and his associates.

The complaint in this action was filed July 21, 1970, in the circuit court for Sauk county. The answers of the defendants were filed in March and April of 1971. In June of 1971, venue was changed to the circuit court for Dane county pursuant to stipulation of the parties. Sometime in the spring of 1973, the defendants moved for an order permitting them to move for summary judgment. Such an order was required because the statutory period of 40 days from the joining of issue had expired.[2] After hearing the circuit court ordered an extension of time to permit the summary judgment motion, using its powers under sec. 269.45 (2), Stats.[3] The court based its order on an affidavit of defense counsel,

[2] "270.635 **Summary judgments.** (1) Summary judgment may be entered as provided in this section in any civil action or special proceeding. Notice of motion for summary judgment and the papers in support thereof shall be served within 40 days after issue is joined, subject to enlargement of time as provided in s. 269.45."

[3] "269.45 **Enlargement of time.** (1) The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an action or special proceeding must be taken, except the time for appeal.

"(2) After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like

which is not made part of the record, nor does the record include a transcript of the hearing. A motion for summary judgment for the defendants based on a claim of "absolute privilege" for statements made in connection with a tavern licensing proceeding was made, and the motion was granted and judgment entered accordingly. It is from this judgment that Mr. Hartman appeals.

The first issue raised by Mr. Hartman on appeal is whether the court abused its discretion in granting a motion for summary judgment made two years after the statutory time limit had expired.

This court cannot hold, however, there was an abuse of discretion in permitting the extension and the belated filing of the motion for summary judgment inasmuch as the trial judge specifically found that cause for the extension was shown pursuant to sec. 269.45, Stats. Accordingly, the record shows *prima facie* compliance with the strictures of the statutes and recites the extension was in fact found to be for good cause. The affidavits of the defendant supporting the motion for the extension of time were not made a part of the appellant's record, and it was incumbent upon the appellant to demonstrate that the finding of cause recited in the order was not supported by a sufficient evidentiary basis. The subsequent motion for summary judgment was predicated upon a legal issue that was totally dispositive of the case. It is apparent, therefore, that permitting the belated hearing for the motion for summary judgment did not result in delay but rather expedited the disposition of the only issue in the case. Under these circumstances and without the submission of excerpts from the record to the contrary, it is apparent that there was no abuse of discretion.

The next question is whether or not the statements made by the defendants in the course of administrative proceedings concerning a tavern license are covered by a

cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

"conditional" or "absolute" privilege. Previous decisions of this court make it clear that "judicial" and *quasi*-judicial" proceedings are protected by an absolute privilege, whereas executive or administrative acts of lower-level public officials are protected only by a conditional privilege. An absolutely privileged statement is subject to only two restrictions: It must be made in a procedural context which is recognized as affording absolute privilege, and it must be relevant to the matter being considered. *Bergman v. Hupy* (1974), 64 Wis. 2d 747, 221 N. W. 2d 898. A conditional privilege is subject to the additional limitation that the person making the statement must have reasonable grounds for believing the truth of the statements made. This limitation has also been expressed in terms of "good faith without malice" although the word "malice" has been disapproved of in this context. *Bergman, supra,* at p. 749; *Ranous v. Hughes* (1966), 30 Wis. 2d 452, 141 N. W. 2d 251.

Proceedings in a tavern license application are not "judicial" and are absolutely privileged only if the proceeding is a *"quasi-*judicial" one. This court has stated that consideration by a town board of a tavern license application would be absolutely privileged as a form of judicial proceeding. In *Werner v. Ascher* (1893), 86 Wis. 349, 56 N. W. 869, the defendants had petitioned the town board to revoke plaintiff's saloon license because of allegedly disorderly conduct. The court found that a petition which had been published only to the town board would be absolutely privileged, but that since there were allegations that publication had occurred to other persons as well, a trial was required. In the present case, there is no evidence that publication to any persons outside the administrative process took place without Mr. Hartman's consent. *Werner v. Ascher* has been cited recently for the proposition that the town board proceedings concerning tavern licenses are *"quasi-*judicial" and merit an absolute privilege. In *DiMiceli v. Klieger* (1973), 58 Wis.

2d 359, 365, 206 N. W. 2d 184, the court said, footnoting *Werner v. Ascher:*

"As to judicial proceedings, it is true that defamatory words published or spoken by parties, witnesses and counsel in judicial proceedings are thus privileged when the statements bear a proper relationship to the issues. And such absolute privilege has been extended to *quasi*-judicial proceedings, including petition to a governor for removal of a sheriff, town board proceedings concerning a tavern license, a complaint to the state real estate brokers' board."

This passage was quoted in *Bergman, supra,* at p. 751.

In the present case, Mr. Hartman is asking this court to overturn the language of *Werner, DiMiceli,* and *Bergman,* and find that a tavern license proceeding is not "*quasi*-judicial" and, therefore, absolute privilege does not apply. Mr. Hartman cites only one case, *Ranous v. Hughes, supra,* which is readily distinguishable. There, a school board member was allowed only a conditional privilege in giving allegedly defamatory reasons for firing a teacher. There was no claim in *Ranous* that the proceeding was judicial or *quasi*-judicial in nature. The defendant school board president's claim to an absolute privilege rested solely on his status as a public official. The rule of *Ranous,* that lower-strata officials are not entitled to an absolute privilege when acting in an executive or administrative capacity, does not apply when the proceeding during which the allegedly defamatory statements were made is *quasi*-judicial. Mr. Hartman presents no reason why this court should overturn the established law that a tavern license proceeding is *quasi*-judicial and, therefore, that an absolute privilege applies.

Cases from other jurisdictions support the proposition that information given in connection with tavern licensing proceedings is absolutely privileged.[4] *MacLarty v.*

---

[4] See also Prosser, *Torts,* 4th ed., pp. 779, 780, sec. 114.

*Whiteford* (1972), 30 Colo. App. 378, 496 Pac. 2d 1071; *Lininger v. Knight* (1951), 123 Colo. 213, 226 Pac. 2d 809; *Shade v. Bowers* (Ct. Com. Pl. Ohio 1962), 199 N. E. 2d 131. A case holding to the contrary, however, is *Melton v. Slonsky* (1973), 19 Ariz. App. 65, 504 Pac. 2d 1288. During a hearing before a state liquor control board concerning the geographical transfer of a license, the defendant alleged that plaintiff had previously obtained by bribery a liquor license *other* than the one subject to the hearing. The court's decision to grant only a conditional privilege to such hearings stemmed from its concern that otherwise such hearings would become "a forum for unfettered character assassination" (504 Pac. 2d at 1291). In Wisconsin the absolute privilege accorded to judicial and *quasi*-judicial proceedings does not protect statements which are not relevant, or do not bear a proper relationship to the issues. *Bergman, supra,* p. 750. Thus the problem that concerned the Arizona court is not present under Wisconsin law.

The issuance of tavern licenses is not a private matter between individual parties, but one in which the public has an interest. Because of the public interest involved, we conclude in accordance with our established law that the highest form of privilege should continue to be accorded to these proceedings.

*By the Court.*—Judgment affirmed.