CONVERTERS EQUIPMENT CORPORATION, and others, Plaintiffs-Respondents, v. CONDES CORPORATION, Defendant-Appellant.

*No. 75–594. Submitted on briefs September 6, 1977.—*
*Decided October 18, 1977.*
(Also reported in 258 N. W. 2d 712.)

258

For the appellant the cause was submitted on the briefs of *E. H. Snyder* of Milwaukee.

For the respondents the cause was submitted on the brief of *Michael E. McMorrow* and *Honeck, Mantyh & Arndt* of Milwaukee.

ROBERT W. HANSEN, J. As to the trial court's overruling of the defendant's demurrer, several issues are raised on appeal. Each such issue will be put in question form and responded to.

### ARE THE TWO LETTERS CAPABLE OF A DEFAMATORY MEANING?

In an action for libel, on demurrer, if both malice and falsity are alleged, both malice and falsity must be considered facts which are presumed to be true for the purposes of the demurrer.[1] Here the plaintiffs have alleged both malice and falsity, and at the demurrer stage both malice and falsity must be accepted as facts. It follows that the demurrer was properly overruled unless, as a matter of law, the statements complained of are incapable under the circumstances pleaded of being defamatory.[2]

Under the law of this state, a communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or deter third persons from associating or dealing with him.[3] If the statements complained of are capable of a nondefamatory meaning as well as a defamatory mean-

---

[1] *D'Amato v. Freeman Printing Co.*, 38 Wis.2d 589, 597, 157 N.W.2d 686 (1968); *Hellstern v. Katzer*, 103 Wis. 391, 79 N.W. 429 (1899); *Eviston v. Cramer*, 47 Wis. 659, 3 N.W. 392 (1879).

[2] *D'Amato v. Freeman Printing Co., supra; Frinzi v. Hanson,* 30 Wis.2d 271, 140 N.W.2d 259 (1966).

[3] *Frinzi v. Hanson, supra,* at 275; Restatement (Second) of *Torts,* sec. 559 (1977).

ing, then a jury question is presented.[4] Only if the communication cannot reasonably be considered defamatory or be so understood can the demurrer be sustained.[5]

As the trial court here held, words spoken of an individual or a corporation which charge dishonorable, unethical or unprofessional conduct in a trade, business or profession are capable of a defamatory meaning.[6] The charge of patent infringement has been held to be libelous *per se*.[7] A statement is also defamatory if, in its natural and ordinary sense, it imputes to the person charged commission of a criminal act.[8] In this state, the theft of trade secrets is a criminal offense.[9] We agree with the trial court that the charge contained in the two letters, that Kidd had misappropriated confidential information and misappropriated trade secrets, presented a jury question as to whether they were defamatory or nondefamatory. It is true that the letters contained words such as "apparently" and "appear to be." This changes nothing. The authorities agree that communications are not made nondefamatory as a matter of law merely because they are phrased as opinions, sus-

---

[4] *Martin v. Outboard Marine Corp.*, 15 Wis.2d 452, 462, 113 N.W.2d 135 (1962); *Frinzi v. Hanson, supra,* at 275.

[5] *Frinzi v. Hanson, supra,* at 276.

[6] *See, e.g., Ranous v. Hughes,* 30 Wis.2d 452, 141 N.W.2d 251 (1966) (teacher accused of making a personal attack on a student in a classroom); *Wozniak v. Local 1111 of United Electrical, Radio & Machine Workers of America,* 57 Wis.2d 725, 205 N.W.2d 369 (1973) (worker accused of being a "scab"); *Walters v. Sentinel Co.,* 168 Wis. 196, 169 N.W. 564 (1918) (doctor called a "quack"); and *Singer v. Bender,* 64 Wis. 169, 24 N.W. 903 (1885) (butcher charged with selling unwholesome meat).

[7] 53 C.J.S., *Libel and Slander,* sec. 24, page 68 (1948).

[8] *Downer v. Tubbs,* 152 Wis. 177, 139 N.W. 820 (1913); *Montgomery v. Deeley,* 3 Wis. 709 (*623) (1854); Restatement (Second) of *Torts,* sec. 571 (1977).

[9] Sec. 943.205, Stats.

picions or beliefs.[10] As this court has held: "One may be libeled by implication and innuendo quite as easily as by direct affirmation."[11]

## ARE THE LETTERS CONDITIONALLY PRIVILEGED AS A MATTER OF LAW?

If, as the trial court held and we have agreed, the two letters are capable of a defamatory meaning, Condes next contends that the letters involved are conditionally privileged as a matter of law. The contention is that a manufacturer is or ought to be conditionally privileged to notify the customers of a competitor that the competitor's products are being made with stolen trade secrets or that they infringe on valid patent rights. Our court has held that a person who has an interest in a particular subject is conditionally privileged to communicate in good faith with a person having a corresponding interest or duty in relation to the particular subject matter.[12] The Restatement of Torts states that an occasion is conditionally privileged if the communication "affects a sufficiently important interest of the publisher" and "the recipient's knowledge of the defamatory matter will be of service in the lawful protection of the interest."[13] In the area of conditional privileges, the Restatement of Torts has been approved of and adopted by this court.[14] However a conditional privilege is subject to the limita-

[10] 50 Am. Jur.2d, *Libel and Slander*, sec. 15, pages 529, 530 (1970); 53 C.J.S., *Libel and Slander*, sec. 9, pages 45–47 (1948); Restatement (Second) of *Torts*, sec. 566 (1977).

[11] *Frinzi v. Hanson, supra*, n. 2, at 277. *See also: Schoenfeld v. Journal Co.*, 204 Wis. 132, 235 N.W. 442 (1931).

[12] *Johnson v. Rudolph Wurlitzer Co.*, 197 Wis. 432, 222 N.W. 451 (1928); *Rude v. Nass*, 79 Wis. 321, 48 N.W. 555 (1891). *See also: Hett v. Ploetz*, 20 Wis. 55, 121 N.W. 270 (1963).

[13] Restatement (Second) of *Torts*, sec. 594 (1977).

[14] *Ranous v. Hughes, supra*, n. 6, at 468.

tion that persons making the statements have reasonable grounds for believing the truth of the statements made and that the statements made are reasonably calculated to accomplish the privileged purpose.[15] It follows that, on demurrer since malice is alleged, the defense of conditionally privileged purpose reasonably carried out is not available.[16]

## ARE THE LETTERS ABSOLUTELY PRIVILEGED AS A MATTER OF LAW?

Having held that the letters are capable of a defamatory meaning and that the defense of conditional privilege is unavailable on demurrer, our attention goes to Condes' contention that the letters are absolutely privileged as a matter of law because they were written by an attorney of record in a pending lawsuit and published preliminary to and during the course of such lawsuit. Wisconsin adheres to the so-called "American rule" of absolute judicial immunity from liability for libel or slander.[17] This rule requires that for such privilege to attach the statements made must (1) be "relevant to the matter being considered" in the judicial proceedings, and (2) be made "in a procedural context which is recognized as affording absolute privilege."[18] Since both of the letters and the lawsuits relate to the disclosure of trade secrets and infringement of patent rights, the test of relevancy is met. The dispositive question is whether the two letters are published in a procedural context that brings them within the absolute privilege rule.

---

[15] *Hett v. Ploetz, supra,* n. 12, at 59; *Ranous v. Hughes, supra; Hartman v. Buerger,* 71 Wis.2d 393, 398, 238 N.W.2d 505 (1976); Restatement (Second) of *Torts,* sec. 593 (1977).

[16] *D'Amato v. Freeman Printing Co., supra,* n. 1, at 598. *See also:* 59 A.L.R.2d 928 (1958).

[17] *Spoehr v. Mittelstadt,* 34 Wis.2d 653, 150 N.W.2d 502 (1967).

[18] *Hartman v. Buerger, supra,* n. 15, at 398.

In a variety of situations this court has found absolutely privileged statements made by parties, witnesses and counsel during the course of judicial or quasi-judicial proceedings.[19] Similarly, this court has held to be absolutely privileged statements made during investigatory proceedings preliminary to the commencement of a criminal prosecution.[20] However in every case in which this court has found a statement made preliminary to or during the course of judicial or quasi-judicial proceedings to be absolutely privileged, both the maker of the statement and the recipient were involved in and closely connected with the proceedings.[21] Moreover, in each such prior finding of absolute privilege, the publica-

[19] *See, e.g., Novick v. Becker*, 4 Wis.2d 432, 90 N.W.2d 620 (1958) (allegations in a garnishment summons and complaint); *Spoehr v. Mittelstadt, supra*, n. 17 (remark made by counsel concerning a party during a pretrial conference); *Keeley v. Great Northern Railway Co.*, 156 Wis. 181, 145 N.W. 664 (1914) (allegations in an affidavit filed in court); *Larkin v. Noonan*, 19 Wis. 82 (1865) (statements in a petition to a governor to remove a sheriff); *Werner v. Ascher*, 86 Wis. 349, 56 N.W. 869 (1893) (statements made at a tavern licensing proceeding before a town board); *Schier v. Denny*, 12 Wis.2d 544, 107 N.W.2d 611 (1961) (allegations in a complaint to the state real estate brokers board); *Hartman v. Buerger, supra*, n. 15 (character information given by a police officer to a liquor licensing authority at its request).

[20] *Schultz v. Strauss*, 127 Wis. 325, 106 N.W. 1066 (1906) (statements made in testimony before a grand jury); *Bergman v. Hupy*, 64 Wis.2d 747, 221 N.W.2d 898 (1974) (statement made to an assistant district attorney for the purpose of issuance of a criminal complaint).

[21] In *Hartman v. Buerger, supra*, n. 15, at 396, the court held absolutely privileged a statement made by a police officer to liquor licensing authority, but stated: "There is no evidence that the message was revealed to persons other than officials of the Jefferson county sheriff's department, the Wisconsin Dells police department, the town of Delton [the licensing authority] and Mr. Hartman and his associates [the plaintiff]."

tion was made as part of the judicial or quasi-judicial proceeding involved.[22] It should be clear and, if not, here made clear, that such a nexus between the publication and the proceeding must exist for the "procedural context" requirement of the absolutely privileged rule to be met. Cases elsewhere support this holding that for the absolute privilege to attach the statement at issue must have been published on an occasion or in a context which is an integral part of the judicial or quasi-judicial proceeding involved.[23] In the case before us, since none of the recipients of the letters are connected with the lawsuits and since neither of the two letters were written as an integral part of the judicial proceedings, we agree with the trial court that the proper procedural context requirement of the absolute privilege rule is not here met.

## IS THE TRIAL COURT ORDER AS TO DISCOVERY APPEALABLE?

In addition to challenging the trial court's order overruling its demurrer, on this appeal Condes challenges

---

[22] *See: Bergman v. Hupy, supra,* n. 20, at 754, in which this court based its holding that statements made to an assistant district attorney for the purpose of seeking a criminal complaint are absolutely privileged on the fact that such statements "are an integral part of the regular course of justice."

[23] *See: Kennedy v. Cannon,* 229 Md. 92, 98, 182 A.2d 54 (1962) (an attorney's communication with a newspaper was not absolutely privileged because it was an extrajudicial publication, unrelated to the litigation, [made] to persons in no way connected with the proceedings). *See also: Theiss v. Scherer,* 396 F.2d 646 (6th Cir. 1968) (absolute privilege accorded a letter written by an attorney to effectuate a settlement); *Romero v. Prince,* 85 N.M. 474, 513 P.2d 717 (1973) (letter written by an attorney regarding a will offered for probate and the subject of an impending will contest held absolutely privileged since it was sent only to those who had a direct financial interest in the settlement of the estate).

the trial court's decision to overrule Condes' motion to limit or quash discovery proceedings and the trial court's direction to plaintiffs concerning the failure of one R. G. Martin, Sr., to appear at his scheduled deposition. Under the law in this state, well settled, this portion of the trial court's order merely regulates discovery and is not appealable at the demurrer stage of these proceedings.[24]

*By the Court.*—Order of the trial court overruling the demurrer of defendant is affirmed, and the appeal of that part of the order regulating discovery is dismissed.

---

[24] *Quality Outfitters v. Risko,* 4 Wis.2d 341, 90 N.W.2d 638 (1958); *Milwaukee Corrugating Co. v. Flagge,* 170 Wis. 492, 175 N.W. 777 (1920); *Hyslop v. Hyslop,* 234 Wis. 430, 291 N.W. 337 (1940); *Fanshaw v. Medical Protective Asso.,* 52 Wis.2d 234, 190 N.W.2d 155 (1971); *Compare, Buchen v. Wisconsin Tobacco Co.,* 59 Wis.2d 461, 208 N.W.2d 373 (1973); *Whanger v. American Family Mut. Ins. Co.* 58 Wis.2d 461, 207 N.W.2d 74 (1973).

