Carl W. RADY, Plaintiff-Appellant, †

v.

Holly LUTZ and Straub & Schuch, Defendants-
Respondents.

Court of Appeals

*No. 88–1873. Submitted on briefs March 9, 1989.—Decided
May 2, 1989.*

(Also reported in 444 N.W.2d 58.)

†Petition to review dismissed.

644

For plaintiff-appellant, there were briefs by *Carl W. Rady,* of Tomahawk.

For defendants-respondents, there was a brief by *George A. Richards* of *Patterson, Richards & Hessert,* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Carl Rady appeals a summary judgment dismissing his defamation action against attorney Holly Lutz and the law firm, Straub and Schuch. The allegedly defamatory statements were contained in a letter sent from Lutz to Ninth District Court Administrator James Seidel. The circuit court concluded that Lutz's statements were protected by the doctrine of absolute privilege. We agree and affirm.

Lutz defended the city of Tomahawk and its officials against several lawsuits filed by Rady. In a letter to Seidel, Lutz accused Rady "of filing frivolous lawsuits and harassing public officials," detailed alleged examples of the problem in highly editorialized fashion, and sought various remedies.[1] Rady filed suit against Lutz,

---

[1] The complete letter is set forth in the appendix.

alleging that the letter defamed him.[2] The circuit court dismissed Rady's action, holding Lutz's comments to be absolutely privileged because they were relevant to proposed and pending judicial proceedings.[3] Rady appeals that determination.

In considering motions for summary judgment, we must first examine the pleadings and affidavits to determine whether any factual dispute exists or conflicting inferences might be drawn from the undisputed facts. *Kensington Dev. Corp. v. Israel,* 139 Wis. 2d 159, 162–63, 407 N.W.2d 269, 271 (Ct. App. 1987). Summary judgment is appropriate where there is no dispute of material facts and the law resolving the issue is clear. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Whether Lutz's letter is absolutely privileged is a matter of law, and we need not defer to the circuit court's determination. *See Lambert v. Wrensch,* 135 Wis. 2d 105, 115, 399 N.W.2d 369, 373–74 (1987).

██

"Judicial" or "quasi-judicial" proceedings are protected by an absolute privilege. An absolutely privileged

---

[2] Generally, a defamatory statement is one that tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. However, truth is an absolute defense. *Denny v. Mertz,* 106 Wis. 2d 636, 643, 318 N.W. 2d 141, 144 (1982). Because the only issue addressed by the trial court was the question of privilege, we do not address whether the letter is defamatory or true.

[3] The circuit court took judicial notice of 38 or more pro se civil cases filed by Rady since 1984. Rady did not contest the court's action and, in fact, remarked that the number was "short by 30 or 40 per cent."

statement is subject to only two restrictions: It must be made in a procedural context that is recognized as affording absolute privilege, and it must be relevant to the matter under consideration. *Hartman v. Buerger,* 71 Wis. 2d 393, 398, 238 N.W.2d 505, 508 (1976).[4] Rady asserts that Lutz's statements were not absolutely privileged because they were neither sufficiently related to a judicial proceeding nor communicated to a judicial officer. We disagree. Restatement (Second) of Torts, sec. 586 (1977), states:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which [the attorney] participates as counsel, if it has some relation to the proceeding.

The purpose of this privilege is to afford litigants the utmost freedom of access to the courts to preserve and defend their rights and to protect attorneys during the course of their representation of clients. *Kensington Dev. Corp. v. Israel,* 142 Wis. 2d 894, 900, 419 N.W.2d 241, 243 (1988). To be privileged, the alleged defamatory matter must have been made in reference to the subject matter of the proposed or pending litigation, *Converters Equip. Corp. v. Condes Corp.,* 80 Wis. 2d 257, 265, 258 N.W.2d 712, 716 (1977), although it need not be strictly relevant to any issue involved in it. Restatement (Second) of Torts, sec. 586, comment c (1977). In addition,

---

[4] A conditional privilege is subject to the additional limitation that the person making the statement must have reasonable grounds for believing the truth of the statements made. *Hartman,* 71 Wis. 2d at 398, 238 N.W.2d at 508.

the statements must be made "in a procedural context which is recognized as affording absolute privilege." *Converters Equip.*, 80 Wis. 2d at 265, 258 N.W.2d at 716 (quoting *Hartman*, 71 Wis. 2d at 398, 238 N.W.2d at 508).

The absolute privilege to defame in the course of judicial or quasi-judicial proceedings is not limited to statements during trial, but may extend to steps taken prior to trial such as conferences and other communications relevant to the proceeding. *See Converters Equip.*, 80 Wis. 2d at 266, 258 N.W.2d at 716. Thus, letters sent to persons having collateral interests in the litigation are privileged to the extent that the alleged defamatory statements have some relation to the subject matter of the proposed litigation and are made in furtherance of the litigation. *See generally* Annotation, *Libel and Slander: Attorney's Statements, to Parties Other than Alleged Defamed Party or its Agents, in Course of Extrajudicial Investigation or Preparation Relating to Pending or Anticipated Civil Litigation as Privileged,* 23 A.L.R.4th 932, 935 (1983). While this privilege embraces anything relevant, it is not carte blanche to defame and slander with impunity during a judicial proceeding. *See Spoehr v. Mittelstadt*, 34 Wis. 2d 653, 150 N.W.2d 502 (1967). The statement's maker and the recipient must be involved in and closely connected to the proceeding. An attorney's defamatory statements that are plainly irrelevant and impertinent and voluntarily made would not be privileged. *See, e.g., Walker v. Majors*, 496 So. 2d 726, 729 (Ala. 1986); *Post v. Mendel*, 507 A.2d 351, 356 (Pa. 1986).

Under this analysis, we first address whether Lutz's statements were relevant to either past or present litiga-

tion. The pertinency requirement is not technical legal relevancy, but, rather, a general frame of reference and relation to the subject matter. *Spoehr,* 34 Wis. 2d at 663, 150 N.W.2d at 506. All doubt should be resolved in favor of relevance. Lutz's letter was captioned with citations to several pending and past suits involving Rady, and the body of the letter explained her complaints concerning each of these suits. If Lutz had made her complaints during the course of a formal judicial proceeding, they would have been clearly relevant and therefore privileged. Extra-judicial comments made in an informal setting as well are protected by absolute privilege. *Hartman,* 71 Wis. 2d at 399, 238 N.W.2d at 508. Although the letter is laden with the writer's subjective views of Rady's motives and includes descriptive language that may be libelous per se if proven untrue, these considerations do not negate the privilege. We conclude that Lutz's communique recounting both past and present litigation involving Rady meets the relevancy test. Rady's alleged motives and behavior, evincing a claimed pattern of conduct, were probative in context of the judicial relief Lutz was seeking.

Next, the statements must also have been made in a setting affording absolute privilege. Rady maintains that Seidei, as district court administrator, is so removed from judicial machinations that any statements Lutz made to him were beyond the bounds of absolute privilege. A variety of situations, both formal and informal, have been deemed to warrant the absolute privilege.[5] Whether the recipient of the communications could be viewed as a proper party to address the complaints is a significant factor. Here, district court administrator

[5] *See, e.g., Converters Equip.,* 80 Wis. 2d at 266 nn. 19, 20, 258 N.W.2d at 716 nn. 19, 20.

Seidel is a proper person to direct concerns regarding the administration of justice.

District court administrators are created upon suggestion of the director of state courts under the supervision of the supreme court. SCR 70.16(4) and 70.30 (1978). Their duties include assistance in circuit court management functions. SCR 70.16(8) (1978). They play an integral role in the administration of resources.

> In addition to their extensive administrative responsibilities, chief judges in Wisconsin carry regular trial court caseloads. Therefore, *district court administrators, under the supervision of the chief judge, are required to perform much of the delegated daily work involved in carrying out the duties of the chief judges.* In addition to responsibilities delegated by the chief judge, DCA's have duties assigned by the Director of State Courts and provide a wide variety of services to the circuit courts.

Remarks by Chief Justice Nathan S. Heffernan before the Joint Committee on Finance 6-7 (Apr. 12, 1989) (emphasis supplied).

Lutz's letter referred to past and current suits filed by Rady against her clients. Her allegations that Rady used the courts to harass her clients pertain to the efficiency of the judicial process and were properly presented to an officer of the court, the district court administrator. The letter was written as part of a judicial proceeding and bore a logical relationship to those proceedings. Accordingly, we conclude that the letter was absolutely privileged and that Rady's claim was properly dismissed.

*By the Court.*—Judgment affirmed. Costs to respondents.

A P P E N D I X

Law Offices of
**STRAUB AND SCHUCH** . . .
*Not A Partnership*
400 WESTWOOD DRIVE
BOX 8016
WAUSAU, WISCONSIN 54402-8016
(715) 847-8064

Robert S. Schuch
Holly Lutz
David Topczewski
Raymond G. Clausen
Mark W. Parman
John B. Edmondson
Mark A. Siefert
Steve A. Cotton

May 5, 1988

James Seidel
Court Administrator
One Wausau Center
Wausau, WI 54401

Carl W. Rady vs.
Michele S. Kahle and Others
of the City of Tomahawk
Case No. 84-CV-145 (M1-88702)
Cases Nos. 87-CV-165, 166, 167, 168, 180,
181, 88-CV-23, and Various Additional Notices
of Claim and Requests for Public Records
M1-92549

*Clerk of Court file*
#88 CV 115 C.W.R.

FILED
AUG 5 1988
Janet Bever Thoms
Clerk,
Circuit Court,
Lincoln Cty., WI

Dear Mr. Seidel:

This letter is to request whatever assistance the Court Adminis-
trator's Office can offer in handling the numerous duplicitous
and frivolous litigation being commenced by Carl W. Rady.
Mr. Rady has admitted to you and others that his purpose is
solely to "test the system." The system cannot afford this non-
sense, nor should Mr. Rady (who claims to be disabled and indi-
gent) be permitted to continue his hobby of filing frivolous law-
suits and harassing public officials.

I first represented the City of Tomahawk in Case No. 84-CV-145.
After much time and aggravation, the action was dismissed as
frivolous by the Circuit Court. Mr. Rady filed an appeal and
petitioned to the Supreme Court for review - both were also dis-
missed. Not a nickel of the $2,573.75 judgment has been paid and
still he is permitted to continue filing frivolous suits at tax-
payers' expense. In the last six months, I have appeared at
various proceedings for six of these actions and have had to seek
a Restraining Order to protect some of my clients from his con-
tinued harassment.

Mr. Rady has done everything in his power to impede permanent
entry of the temporary Restraining Order, including moving for
substitution at the scheduled injunction hearing, appealing from

MILWAUKEE OFFICE
C. Donald Straub
6620 West Capitol Drive
Milwaukee, Wisconsin 53216
(414) 463-2819

MADISON OFFICE
Timothy J. Yanacheck
217 South Hamilton · Suite 302
Box 1072
Madison, Wisconsin 53701
(608) 256-8533

APPLETON OFFICE
Gerald L. MacKenzie
200 East Washington Street
Box 25
Appleton, Wisconsin 54912
(414) 738-7272

652

James Seidel
Page 2

FILED
AUG 5 1988
Janet Bever Thums
Clerk
Circuit Court
Lincoln Co.

May 6, 1988

the Court's Order granting his Motion for Substitution, failing
to appear at a scheduling conference properly noticed by the
newly assigned judge (because it was scheduled in Wausau, less
than 15 miles from the Lincoln County Courthouse), and openly
disregarding the terms of the temporary Order which remains in
effect.

In December of 1987, Mr. Rady had served on the City Clerk at her
home during a medical leave of absence an invalid Subpoena
requiring her appearance at a show cause hearing for a Writ of
Mandamus that had been issued October 23, 1987, but not served on
the respondent until December 4, 1987. Counsel appeared for her
on December 17 and relief granted to Mr. Rady by the Court was
minuscule, though the burden of appearing on such short notice to
respondent's counsel was great. Prior to December 4, 1987, coun-
sel had not received any of the documents filed with the Court or
sent by the Court to Mr. Rady regarding the Writ.

Following the hearing, Mr. Rady sent letters to the Court accus-
ing counsel of dishonesty and representing to the Court that the
City of Tomahawk had been found to have tampered with tape record-
ings in Case No. 85-CV-152. Your office may take judicial notice
of the Order entered in that case by Judge Nolan, which I have
reviewed. There is no finding of tampering or any lack of integ-
rity by the then City Clerk, who was harassed out of office by
Mr. Rady.

Case No. 87-CV-181 was appealed by the respondent because of the
great burden that would be placed upon the Clerk's Office if the
Clerk was required to appear in Court on short notice based upon
the unsubstantiated Affidavits of Mr. Rady; create new records at
his request; and provide copies of records he requests and then
refuses to pick up or pay for. Mr. Rady responded by filing a
Motion for Contempt against my client and cross-appealing when
his Motion was found frivolous. He opposed counsel's Motion to
Supplement the Record on appeal with documents relating to the
hearing on his Contempt Motion, and then had several of the same
documents included in the supplemental record of his Cross
Appeal.

Although he apparently has plenty of time, money, and physical
ability to file all these Motions and Writs, he was permitted by
the Court of Appeals to serve only one copy of his Brief in
response to the appeal. This Brief is being viewed by the
Clerk's Office as his Cross-Appellant's Brief as well. The
effect of this is that counsel for the City Clerk must file
15 copies of each Brief, with the usual associated costs, while
Mr. Rady files only one.

653

The activities of Mr. Rady surrounding one of the most recently heard Writs of Mandamus, Case No. 87-CV-166, clearly show that his intention is not to logically pursue obtaining a record, but solely to cause chaos in the court system by filing requests that do not make sense. The pertinent documents are attached. On August 28, 1987, Mr. Rady petitioned to the Court for a Writ of Mandamus against Harold S. Burton, then the Mayor of Tomahawk. He alleged that he had made a written demand for certain public records on Mayor Burton on May 19, 1987 and that "Harold S. Burton has denied/refused to accept my written demand for access to the public records." Although no copy of his written request or the City's response was attached to this Petition or Affidavit, the Writ was issued on September 23, 1987 by Judge Schmidt and the matter scheduled for hearing on April 21, 1988.

Counsel appeared with Mayor Burton at that time and Mr. Rady offered a copy of his written request and the Mayor's response of May 21, 1987. The fact of this response makes it obvious that the Mayor did not "refuse to accept the written demand." He did deny it, since he was not the custodian of the requested record. A request for the same records had been served on the City Clerk at approximately the same time and the Clerk admitted that she was the custodian of the record. Nonetheless, Mr. Rady pursued his Writ of Mandamus against the Mayor. Judge Schmidt quashed the Writ of Mandamus at the hearing of April 21, 1988 and found it frivolous, awarding costs and actual attorney's fees to the respondent. At the time of the hearing, Mayor Burton was no longer even the Mayor of the City of Tomahawk, much less the custodian of these records.

Nonetheless, shortly after the hearing, his wife was served at their home with a written request for the same records. At the same time, Mr. Rady petitioned Judge Schmidt to reopen the case and filed a Notice of Appeal with the Court of Appeals. He also sent a rude and insulting letter to Judge Schmidt, which states that a copy was sent to "Lutz" although I have not received one. I reviewed this letter in the Court file and find that it, too, reflects Mr. Rady's contempt of court, though I do not have a copy to attach for you.

Were Mr. Rady an attorney acting on behalf of some recognizable public or private interest, his actions may be understandable. Were he a member of the bar, his actions and statements would be subject to review by the Board of Attorney's Professional Competence. We would not then be dealing with problems like his filing letters in the Court files without copies to opposing counsel; referring to Court and counsel using names that evidence

his lack of respect for the judicial system; accusing Court per-
sonnel and counsel of fraud and dishonesty without factual basis;
and disobeying direct and specific orders of the Court.

Mr. Rady's actions have gone beyond the mere filing of frivolous
litigation. He has openly engaged in contempt of the Circuit
Courts and Court of Appeals. The burden of Mr. Rady's actions on
the system is increased by the continuing recusal of Judge Nolan
from hearing any of Mr. Rady's cases, requiring the assignment of
a new judge outside of Lincoln County for each matter. The
result has been chaos. On June 21, 1988, Judge Schmidt found
Case No. 87-CV-165 to be identical to Case No. 87-CV-167. Case
No. 87-CV-167 is scheduled to be heard in June before Judge Fox,
though Judge Schmidt has already found Case No. 87-CV-165 frivo-
lous.

On behalf of me, my clients, and others who have been harassed
by this frivolously litigious man, I respectfully request that
the judges of this circuit (and this district of the Court of
Appeals) find Carl W. Rady in contempt of court on their own
Motion and in response to Motions filed by counsel; that he be
jailed, fined, or have his actions dismissed to punish and dis-
courage this open and flagrant contempt of court; and to protect
the various respondents from him.

I thank you and the judges for your consideration of how best to
handle the problems presented by this type of petitioner.

Very truly yours,

STRAUB AND SCHUCH

Holly Lutz
W 14
Enclosures

cc: Carl W. Rady
 a/k/a John Doe
 a/k/a Mr. Nom DePlume
 98933 Deer Trail
 Tomahawk, WI 54487