Benjamin C. PULKRABEK,
Plaintiff and Appellant,

v.

Rolf P. SLETTEN, Defendant
and Appellee.

Civil No. 960042.

Supreme Court of North Dakota.

Dec. 20, 1996.

Benjamin C. Pulkrabek (argued), Mandan, pro se.

Patrick W. Durick (argued), of Pearce & Durick, Bismarck, for defendant and appellee.

MARING, Justice.

On January 31, 1996, judgment was entered in Burleigh County District Court dismissing Benjamin Pulkrabek's claims of libel and slander against Rolf Sletten. Pulkrabek appeals. We affirm the judgment.

█ Benjamin Pulkrabek represented Dennis Houle in 1980 when Houle was charged with the murder of Sherri Collins. Houle pled guilty and received a fifty-year

sentence at the State Penitentiary. Rolf Sletten was the Assistant State's Attorney involved in the prosecution and plea bargain negotiations. On September 7, 1994, the North Dakota Parole Board met and considered Houle's application for parole. Prior to this meeting, Houle wrote to Sletten, asking him to write a letter to the Parole Board on Houle's behalf, and Sletten did so. Sletten sent the letter dated September 6, 1994, to Dr. Warren Allen, Chairman of the Parole Board, with copies sent to Dennis Houle, and to Bruce Haskell, the Burleigh County Assistant State's Attorney at the time of the parole hearing. The letter was considered in Houle's application for parole on September 7, 1994.

The letter contained the following language, which Pulkrabek claims was libelous:

Almost unbelievably, the defense accepted the offer, and a plea agreement to that effect was presented to the Court ... I remember that at the time this agreement was made, I felt that I had made the "best deal" of all time. I was excited. I felt I had scored the ultimate plea agreement on behalf of my client, the State. However, as the years went by I began to realize that there is a much bigger issue here, and that in truth, the system had not worked. I say this not just because the sentence was so long but mostly because the defense gave up its arguments for no reason... In this case the defense threw away its arguments for a fifty-year plea agreement.

Sletten admitted he wrote the letter and sent it to Dr. Allen with copies to Haskell and Houle. Sletten moved for judgment on the pleadings arguing that the letter and its contents were absolutely privileged under N.D.C.C. § 14–02–05(2), because they were made in a "legislative or judicial proceeding, or in any other proceeding authorized by law."

On August 18, 1995, the District Court treated Sletten's motion as one for summary judgment and granted it. Pulkrabek then filed a motion for reconsideration and to amend the pleadings to add other publications of libel, specifically the following sentence from Sletten's letter:

Over the years, I have discussed my feelings with many people, friends, other attorneys and one or two former members of your board. I have discussed this with John Olson on several occasions and during the last week before he retired, I made an appointment to see Judge Glaser to seek his advice on all this.

Pulkrabek's motion to amend was denied, and the trial court entered judgment in favor of Sletten on January 31, 1996.

We have set forth the standards for review for summary judgments as follows:

Summary judgment under Rule 56, N.D.R.Civ.P., is a procedural device available for the prompt and expeditious disposition of cases without trial when, after viewing the evidence in a light most favorable to the opposing party and giving that party the benefit of all inferences, there is no genuine dispute as to either the material facts or the inferences to be drawn from undisputed facts ... Although the party seeking summary judgment has the burden of showing that there is no genuine issue of material fact, the party resisting the motion may not simply rely upon his pleadings but must present competent evidence by affidavit or other comparable means which raises an issue of material fact.... The plain language of Rule 56 requires the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of a factual dispute as to an essential element of his claim and on which he will bear the burden of proof at trial ... When no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists. [citations omitted]

*Soentgen v. Quain & Ramstad Clinic, P.C.,* 467 N.W.2d 73, 77 (N.D.1991) quoting *Eckmann v. Northwestern Federal Savings & Loan Association,* 436 N.W.2d 258, 260 (N.D. 1989).

Therefore, on appeal from a grant of summary judgment, we view the evidence in a light most favorable to the party against whom the summary judgment was granted,

and give that party the benefit of all inferences that can reasonably be drawn therefrom. *Id.* We may only determine if a genuine issue of fact exists and if the law was applied correctly. *Benson Cty. Co-op., Etc. v. Central Livestock,* 300 N.W.2d 236 (N.D. 1980).

Appellant Pulkrabek asserts several issues on appeal. The dispositive issue is whether the trial court erred when it ruled that Sletten's letter to the Parole Board was absolutely privileged under N.D.C.C. § 14–02–05(2).

Sletten admits to writing the letter and sending it to Dr. Allen with copies to Houle and Haskell. In his affidavit in support of his motion, Sletten asserted that the letter was written to the Chairman of the Parole Board in response to the request of Dennis Houle, for a letter of support to be used at the Board's meeting wherein it considered Houle's application for parole. Although Pulkrabek argues that there is nothing in Sletten's letter to indicate it was to be used at the Parole Board hearing, he did not present any evidence by way of affidavit or otherwise to counter the plain language of Houle's letter to Sletten and Sletten's letter to the Chairman of the Parole Board. The Parole Board considered Sletten's letter in its decision regarding Houle's application for parole.

Viewing the evidence in the record in the light most favorable to Pulkrabek, we conclude that Pulkrabek did not raise a genuine issue of material fact regarding his claims. This being so, we next address whether Sletten is entitled to judgment as a matter of law.

■ It is well-established in our law that there is no liability for libelous or slanderous statements that are privileged. *Soentgen* at 78. "Privilege is based upon the sound public policy that some communications are so socially important that the full and unrestricted exchange of information requires some latitude for mistake." [citations omitted] *Id.* The issue of privilege is dispositive of this appeal.

Sletten argues his letter is protected by the absolute privilege afforded proceedings

authorized by law in N.D.C.C. § 14–02–05(2). This statute provides in pertinent part:

> A privileged communication is one made:
>
> \*    \*    \*    \*    \*    \*
>
> 2. In any legislative or judicial proceeding, or in any other proceeding authorized by law;
>
> \*    \*    \*    \*    \*    \*

N.D.C.C. § 14–02–05(2).

In *Rykowsky v. Dickinson Public School Dist. No. 1,* 508 N.W.2d 348 (N.D.1993), this court affirmed summary judgment in favor of the defendant. It was alleged that defamatory statements were made during a meeting of the Dickinson School Board by the defendant. We held that school board meetings have been recognized as "official proceedings authorized by law" within the meaning of a statute similar to N.D.C.C. § 14–02–05(2) and that the statements were privileged. *Id.* at 351.

Pulkrabek argues that the meetings of the Parole Board are not judicial proceedings or proceedings "authorized by law" to afford Sletten's letter the absolute privilege under N.D.C.C. § 14–02–05(2). Pulkrabek attempts to analogize the instant case to *Emo v. Milbank Mutual Insurance Co.,* 183 N.W.2d 508 (N.D.1971). In *Emo,* an insurance company wrote a letter to a policyholder explaining that it had canceled the policy based on a false belief that the policyholder's new spouse had been charged with stealing from mail trains. The insurance company argued that the letter was privileged, and thus not actionable, because it was written in response to Mrs. Emo's request for the reason her coverage was terminated, which response was required by statute. In holding that this letter was not "in a proceeding" as "authorized by law," this court stated:

> [C]ertainly the word "proceeding", even though given a liberal definition, would appear necessarily to include some form of governmental process. Correspondence, whether it be required under statute or not, by a private foreign corporation with one of its clients or customers, does not

constitute a "proceeding" within the most liberal scope of such definition.

*Id.* at 514.

In this case, the statements complained of were in a letter directed to the Chairman of the North Dakota Parole Board. Chapter 12–59 of the North Dakota Century Code, titled "Paroles From the Penitentiary or State Farm" provides for the creation and management of the State Parole Board. This chapter provides for membership and appointment of members; place and times for meetings; general powers of the Board; procedures to be taken in applying for parole; and provisions for review of the Board's decisions. *See* N.D.C.C. § § 12–59–01 et seq. The governmental process of hearing and granting or denying parole clearly includes the Parole Board meetings. We hold Parole Board meetings are proceedings "authorized by law" within the meaning of N.D.C.C. § 14–02–05(2). Sletten's letter was, therefore, an absolute "privileged communication". N.D.C.C. § 14–02–05(2).

Even in the case of an absolute privilege under N.D.C.C. § 14–02–05(2), however, "a communication must be pertinent to be free of liability." *Rykowsky* at 351.

Pulkrabek claims that there is no evidence to show that the letter was to be used in the Board's consideration of Houle's application for parole. Pulkrabek claims that the letter "is completely silent as to what he wanted the Parol [sic] Board to do with his letter."

The letter was addressed to the following: "Dr. Warren Allen, Chairman of the North Dakota Parole Board ... Re: Dennis Houle". At the close of the letter, Sletten notes that copies were sent to Houle and Haskell. The letter was dated the day before Houle's parole application hearing. While there is no express mention that the letter is to be used at the Parole Board's hearing, it is clear that in addressing the letter to Allen in his capacity as Parole Board Chairman, with reference to a person whose parole hearing was scheduled for a date in the very near future, that Sletten intended the letter to be considered at the hearing. Further, it is clear that Sletten's letter was in response to Houle's request

that Sletten send a letter of support to the Parole Board on behalf of Houle's application for parole.

Here the Sletten letter was pertinent to the matter before the Parole Board. The letter contained information regarding the prisoner Houle, the circumstances of the offense and the fifty year plea agreement—all pertinent information to be considered at a parole hearing. N.D.C.C. § 12–59–05.

In order for a libel to be actionable, there must be a publication of it to a third party. *Moritz v. Medical Arts Clinic, P. C.,* 315 N.W.2d 458 (N.D.1982). Pulkrabek argued that Sletten's dictating the letter to his secretary; sending a copy to Dennis Houle, the parole applicant; and to Bruce Haskell, the Burleigh County State's Attorney at the time of the hearing were all acts of publication of the allegedly defamatory material. We hold all these actions were relevant to Houle's parole hearing and thus within the zone of the absolute privilege afforded by the statute. N.D.C.C. § 14–02–05(2). *See Rady v. Lutz,* 150 Wis.2d 643, 444 N.W.2d 58, 60 (Ct.App.1989).

We do not need to address any of the other issues raised in this appeal. The judgment of dismissal entered by the trial court is affirmed.

VANDE WALLE, C.J., NEUMANN and MESCHKE, JJ., and RALPH J. ERICKSTAD, Surrogate Judge, concur.

RALPH J. ERICKSTAD, Surrogate Judge, sitting in place of SANDSTROM, J., disqualified.