In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 20-2169

NEXT TECHNOLOGIES INC.,

*Plaintiff-Appellant,*

*v.*

BEYOND THE OFFICE DOOR, LLC (doing business as BTOD.com),

*Defendant-Appellee.*

———————————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 19-cv-217-wmc — **William M. Conley**, *Judge.*

———————————

ARGUED JANUARY 12, 2021 — DECIDED MARCH 24, 2021

———————————

Before EASTERBROOK, WOOD, and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Does the Constitution of the United States tell us the limits of criticism in reviews of standing desks? The district judge thought that it does, treated the plaintiff (a seller of office products) as a "limited purpose public figure," and ruled in favor of the reviewer—which sells a competing line of standing desks—under the First Amendment. 2020 U.S. Dist. LEXIS 102413 (W.D. Wis.

June 10, 2020) (relying on *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), and *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), among other decisions). Call us skeptical about using the Constitution rather than state law or the Lanham Act, 15 U.S.C. §1125, to resolve a fight about products' attributes. But we need not decide what the Constitution has to say about this subject, because Next Technologies, the aggrieved manufacturer, lacks a good claim under Wisconsin law.

Next Technologies, a maker of office equipment, touts its standing desks as the best in the industry, and it refers potential customers to reviews that rate its products highly. So it was dismayed when Beyond the Office Door published reviews critiquing the EvoDesk and NextDesk Terra models. Beyond the Office Door sells many makers' office products, some under its own brand, so it is a competitor to Next. A firm unhappy about a rival's statements often resorts to the Lanham Act, but Next did not. Instead it sued under the diversity jurisdiction, relying on Wisconsin's common law of defamation.

The district judge treated product reviews and political commentary as equivalent and turned straight to the Constitution, holding that because Next is a "limited purpose public figure"—made so by its own efforts to sell its wares—all criticism by a competitor is constitutionally protected unless the statements are knowingly false or made with reckless indifference to their truth. That high standard has not been met, the judge ruled. On the district court's approach, few claims under the Lanham Act ever could succeed, and commercial advertising would be treated just like political campaigning.

One court of appeals took that path 41 years ago, see *Steaks Unlimited, Inc. v. Deaner*, 623 F.2d 264 (3d Cir. 1980), but neither the Supreme Court nor any other court of appeals has endorsed that approach. We do not reach any constitutional issue today, because we follow the norm that questions under statutes and the common law must be resolved ahead of constitutional theories, which should be addressed only when their decision is inescapable. See, e.g., *New York City Transit Authority v. Beazer*, 440 U.S. 568, 582 (1979).

The district court's opinion includes a comprehensive list of the subjects in dispute between the parties. A brief description of a few suffices for our purposes. For example, the review of the NextDesk Terra published on November 1, 2017, states that the desk has mismatched colors and includes this photograph, which shows a vertical column in painted gray and a horizontal piece in bare metal:



Next asserts that the review is false because both pieces are "silver." Another part of the review asserts that the desk does not have automatic collision protection—a feature that stops the desk's vertical movement if it encounters something above or below it. Next asserts that its desks do have this feature, to which Beyond the Office Door replies that the electronics box of the desk under review lacks a dongle that would have enabled collision protection. Next contends that a change to the Terra's electronics in 2017 made dongles unnecessary; Beyond the Office Door rejoins that the electronics box of the desk it obtained in 2017 was stamped "2014" and that the desk as shipped lacked collision protection. And so on.

The review of the EvoDesk published on January 16, 2018, observes that its frame was manufactured under contract in China (which Next agrees is true) and states that a problem with many Chinese standing desks is excessive lubrication. The review concludes that this is true of the EvoDesk in particular. "After cycling the EvoDesk [up and down] only a handful of times you will start to see the white lubricant building up on the outside of the columns." This statement was accompanied by a picture:



Next maintains that the review's statement and picture must be false because the Chinese manufacturer has not received complaints and Next's inspections would have detected excessive lubrication, if there had been any.

One more illustrative dispute. The review observes that the EvoDesk has two circuit boards rather than one in its electronics box and asserts that the use of two pieces likely reflects a desire to save costs. Next denies that lower costs imply lower quality, and it insists that the two-board design is as good as one-board designs.

Next assumes that defamation of a commercial product is addressed by the same principles as defamation of a natural person. In the district court the parties clashed on such questions as whether the statements in the review are true or, perhaps, are opinions that could not be either true or false. Those would be central questions if the plaintiff were a natural person complaining that he had been called incompetent

or a thief. But the parties' briefs did not cite any Wisconsin cases showing that the state's judiciary looks at personal defamation and product defamation identically. There is a hint that it is harder for a product's manufacturer than for a natural person to recover, see *Converters Equipment Corp. v. Condes Corp.*, 80 Wis. 2d 257, 263 (1977), and we picked up on that hint in *Isaksen v. Vermont Castings, Inc.*, 825 F.2d 1158, 1165–66 (7th Cir. 1987), but the state's judiciary has not focused on the subject. Indeed, a search for cases decided under Wisconsin law arising from the supposed defamation of a commercial product comes up almost empty.

Other states have addressed this subject, however, and the ALI's *Restatement (Second) of Torts* observes that most of those have adopted one approach for personal defamation, a second approach for corporate defamation, and still a third for product defamation by a competitor. The dispute between Next and Beyond the Office Door concerns defamation of a commercial product, which has its own section in the *Restatement*. Section 626 calls the subject "trade libel" and covers "disparagement of quality" of goods. The commentary observes that some states do not entertain common-law actions for trade libel, leaving the subject to the Lanham Act and any state-law equivalents. When a claim of this kind does exist at common law, the plaintiff must establish an "injurious falsehood," which §623A defines as a statement that the speaker knows to be false or makes with reckless disregard of its truth or falsity. And §649 adds that, even when this standard has been satisfied, some states recognize a conditional privilege for statements by business rivals:

> A competitor is conditionally privileged to make an unduly favorable comparison of the quality of his own land, chattels or other things, with the quality of the competing land, chattels or

other things of a rival competitor, although he does not believe
that his own things are superior to those of the rival competitor,
if the comparison does not contain false assertions of specific un-
favorable facts regarding the rival competitor's things.

By the standards of the *Restatement*, Next's suit is untenable.

The district judge attributed to the Constitution a re-
quirement that a limited-purpose public figure show inten-
tional falsehood or reckless disregard of the truth, leading to
a fight on appeal about whether Next is a limited-purpose
public figure. But under §626 and §623A, *any* vendor suing
about bad reviews of its products must show these things—
and as a matter of common law, not of constitutional com-
mand. The dispute about whether Next is a limited-purpose
public figure becomes irrelevant, as does any question about
whether the Supreme Court is likely to extend *New York
Times v. Sullivan* from seditious libel to product reviews.

The conditional privilege in §649 also protects Beyond
the Office Door. Whatever one can say about whether both
gray paint and polished metal should be called "silver," or
whether two circuit boards are as good as one, these are not
"false assertions of specific unfavorable facts". They are the
sort of subjects on which competitors regularly disparage
one another. In competition a bruised (corporate) ego should
be dealt with by hiring an advertising agency, not by hiring
a lawyer. See *Molson Coors Beverage Co. v. Anheuser-Busch
Cos.*, 957 F.3d 837 (7th Cir. 2020).

To say that Next loses under a Restatement is not neces-
sarily to say that it loses under Wisconsin law. A Restate-
ment tries to describe the norm among states, but different
jurisdictions may, and often do, go their separate ways. Still,
we assume that a state with little or no law on a topic will

follow a Restatement when presented with an issue, unless it has given some indication to the contrary. See *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1107 (7th Cir. 2014). We have not seen anything in Wisconsin's judicial decisions to make us think that it would treat disparagement of products and defamation of persons identically. The best hint that we could find, in *Converters Equipment*, seems compatible with §626 and related sections. A few decisions mention the commercial tort of "injurious falsehood" but add that liability on this ground is subject to conditional privileges and "never has been greatly favored by the law." *Kensington Development Corp. v. Israel*, 139 Wis. 2d 159, 168 (Ct. App. 1987). So in this diversity suit, where our job is to predict how the Supreme Court of Wisconsin would rule if faced with a legal issue, we predict that it would follow *Restatement (Second) of Torts* §§ 623A, 626, and 649, which means that the district court's judgment must be

AFFIRMED.